# THE STATE v. WILLIAM CUTBERTH, Appellant.

### Division Two, May 14, 1907.

**BILL OF EXCEPTIONS: Expiration of Time: Extension Thereafter.** An order extending the time for filing bill of exceptions, made after the expiration of the time originally granted, is void; and in such case there is nothing for the appellate court to review except the record proper.

## Appeal from Stone Circuit Court.—*Hon. Jno. T. Moore,* Judge.

AFFIRMED.

*T. L. Viles* and *G. W. Thornberry* for appellant.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

There is nothing before this court except the record proper; and, no error appearing therein, the judgment should be affirmed. State v. Eaton, 191 Mo. 151; State v. Thompson, 149 Mo. 439; State v. Britt, 117 Mo. 584.

GANTT, J.—On the 10th of March, 1906, the prosecuting attorney of Stone county filed an information, duly verified, wherein he charged the defendant with murder in the first degree of Sam Marlatt in Stone county on the 13th of January, 1906.

At the March term of the said court, the defendant was tried and convicted of murder in the second degree and his punishment assessed at fifteen years in the penitentiary.

Motions for a new trial and in arrest of judgment were duly filed, heard and overruled, and the defendant sentenced to the penitentiary in accordance with the verdict. On the 19th of March, 1906, the court granted

defendant ninety days in which to file his bill of exceptions. He failed to file his bill within the ninety days, but on the 18th of June, 1906, obtained leave of the judge of the court to file the same within sixty days from the 19th of June, 1906. Excluding March 19, 1906, from the count the ninety days expired on June 17, 1906. As the time for filing the bill of exceptions had expired before the leave was granted by the court or judge thereof, the order attempting to extend the time was void and of no effect, as we have often decided. [State v. Paul, *infra* 681; Powell v. Sherwood, 162 Mo. l. c. 611, and cases there cited.] It results that there is nothing before us for consideration except the record proper. In this case the information is in all respects sufficient. It is in the form of the indictment which met the approval of this court in the cases of State v. Wilson, 172 Mo. 420, and State v. Gray, 172 Mo. l. c. 434.

An examination of the record shows a regular arraignment of the defendant, and the empaneling of the jury, the return of the verdict, and the sentence of the court.

As there are no errors of which we can take cognizance, the judgment and sentence of the circuit court must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.