## THE STATE v. JOHN GRANGER, Appellant.

**Division Two, May 14, 1907.**

1. **BILL OF EXCEPTIONS: Expiration of Time: Extension Thereafter.** When the time granted for filing the bill of exceptions has expired, neither the judge in vacation nor the court at a subsequent term has power to extend the time. And a bill of exceptions filed in pursuance of such void order will not be considered on appeal.

2. **INFORMATION: One Count.** An information which first charges that defendant actually did the shooting, and then charges another party as accessory before the fact, and concludes, "against the peace and dignity of the State," contains but one count.

3. ———: **Abbreviation.** An information is not defective merely because it employs the abbreviation "Jno." for the name John.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort,* Judge.

AFFIRMED.

*Ed. Edmonds, Joe Farris* and *T. H. Mauldin* for appellant.

(1) The information contains two counts and neither concludes as required by law; and, as has been recently said in State v. Coleman, 186 Mo. 151, whatever certainty is requisite in an indictment, is necessary also in an information; and, consequently, as all the material parts of the crime must be precisely found in the one, so must they be precisely alleged in the other, and not by way of argument or recital. (2) The information is utterly defective, in this: the first count does not charge John Granger with having committed an offense, but charges "Jno. Granger;" this of itself is a fatal error. In addition thereto, it does not conclude against the peace and dignity of the State as our courts have held it must do. 22 Mo. App. 655.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the prosecuting attorney of Stoddard county, is sufficient in form and substance. State v. Bradford, 156 Mo. 95; State v. Stacy, 103 Mo. 11; Kelley's Crim. Law, sec. 474. (2) There is nothing before this court except the record, and no error appears in that. On October 2, 1905, defendant was granted an appeal, and leave was given him to prepare and file his bill of exceptions in ninety days thereafter. On January 2, 1906, defendant filed an order, signed by the trial judge, extending the time for filing said bill; but the time had then already expired. The bill of exceptions, therefore, cannot be considered as a part of the record in this cause. State v. Eaton, 191 Mo. 151; State v. Thompson, 149 Mo. 439; State v. Britt, 117 Mo. 584; State v. Wilson, 68 S. W. 68. Even though the parties believed that the bill of exceptions was filed in time, if the time had in fact expired, the bill will not be considered; and, when a certain number of days are given in which to file the bill, the time is counted by the days, not by the month. Linahan v. Barley, 124 Mo. 560; Fulkerson v. Murdock, 123 Mo. 292; State v. Chain, 128 Mo. 361; McHoney v. Ins. Co., 44 Mo. App. 426.

FOX, P. J.,—This cause is brought to this court by appeal on the part of the defendant from a judgment of the circuit court of Stoddard county, convicting him of murder of the second degree. The record discloses that on October 2, 1905, the defendant was granted an appeal and leave was given him to prepare and file his bill of exceptions in ninety days thereafter. It is further disclosed by the record that on January 2, 1906, defendant filed an order signed by the trial judge, extending the time for filing said bill of exceptions. It is therefore apparent that the ninety days which the ap-

pellant had in which to file bill of exceptions had expired before the filing of the order of the judge in vacation extending the time for the filing of such bill; therefore, following the uniform rulings of this court that after the expiration of the time given by the court in which to file a bill of exceptions, neither the judge in vacation nor the court at a subsequent term of court has the power to extend the time for the filing of such bill of exceptions, it must be held that there is nothing before this court for review in the case at bar except the record proper.  In State v. Gartrell, 171 Mo. l. c. 505, it was said that, "again and again it has been decided by this court that when the period (beyond the trial term) granted by the court in which to file a bill of exceptions has expired, neither the court nor the judge in vacation can extend it, and what purports to be a bill of exceptions filed in pursuance of such a void order will not be considered by this court." [State v. Apperson, 115 Mo. 470; State v. Mosley, 116 Mo. 545; Danforth v. Railroad, 123 Mo. 196; State v. Chain, 128 Mo. 361; Powell v. Sherwood, 162 Mo. 605.]

Directing our attention to the only question before us for review, that is, the record proper, it is sufficient to say that we have carefully examined the information upon which the judgment in this cause rests, and find that it properly charges the offense of murder of the first degree.  However, counsel for appellant, in their brief, challenge the sufficiency of the information and suggest that there are two counts in the information and that the first count does not conclude "against the peace and dignity of the State."  Learned counsel for appellant doubtless are laboring under a misapprehension of the true and correct interpretation of the information, for it is apparent there is but one count in which John Granger and James D. Granger are charged with the killing of one Mart Hopkins.  The first part of the information charges that John Granger actually did

the shooting, and then follows in the other portion of the information the appropriate and essential allegations charging James D. Granger as accessory before the fact, and then the information concludes "and the prosecuting attorney of the county and State aforesaid, upon his oath aforesaid, does say that Jno. Granger and Jas. D. Granger, him, the said Mart Hopkins, at the time and place aforesaid, in the manner and by the means aforesaid, feloniously, on purpose, wilfully, deliberately, premeditatedly, and of their malice aforethought, did kill and murder, against the peace and dignity of the State."

It is further suggested that the information is defective on account of the abbreviation of the name of John by use of the letters "Jno." There is no merit in the contention of appellant's counsel as to the sufficiency of the information charging the offense. The crime is charged in proper form and the information is duly verified in conformity to the statute. Formal arraignment of the defendant was waived and the trial proceeded, which seems to have been in every particular regular. The verdict of the jury finding the defendant guilty of murder of the second degree and assessing his punishment at ten years imprisonment in the penitentiary is in due form, as well as the sentence and judgment in accordance with such verdict.

Finding no reversible error in the record proper, which is the only matter before us for review, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.