State v. Paul.

---

## THE STATE v. G. A. PAUL, Appellant.

Division Two, May 14, 1907.

1. **BILL OF EXCEPTIONS: Expiration of Time: Extension Thereafter: Judge Absent.** The authority of a judge to sign a bill of exceptions in vacation and make it a part of the record, is purely statutory in this State. After the expiration of the time granted within which to file a bill of exceptions, neither the court nor the judge in vacation can extend it, and a bill of exceptions filed in pursuance of such a void order will not be considered on appeal. And this is true, notwithstanding the judge is absent from the State when the bill of exceptions is delivered at his chambers within the time allowed.

State v. Paul.

2. **INFORMATION:** Forgery: Promissory Note. An information, set out in the opinion, charging forgery of a promissory note, *held* sufficient.

Appeal from Lawrence Circuit Court.—*Hon. Hugh Dabbs,* Judge.

A̅FFIRMED.

*Herbert S. Hadley, Attorney-General,* and *N. T. Gentry,* Assistant Attorney General, for the State.

(1) The information, which was accompanied by the affidavit of the prosecuting attorney, is sufficient in form and substance. Kelley's Crim. Law, sec. 773; State v. Flora, 109 Mo. 295; State v. Karlowski, 142 Mo. 465. (2) There is nothing before this court, except the record proper, the bill of exceptions not having been filed within the time allowed. It is hardly necessary to argue that, after the time had expired, the trial court had no authority to make any order whatever in reference to the filing of the bill of exceptions. State v. Eaton, 191 Mo. 151; State v. Thompson, 149 Mo. 439; State v. Britt, 117 Mo. 584; State v. Wilson, 98 S. W. 68. The court had no power or authority to make an order *nunc pro tunc* filing a bill of exceptions, after the time for filing had expired, especially in the absence of notice to the adverse party. Musick v. Railroad, 124 Mo. 544; Maddox v. Railroad, 73 Mo. App. 510; State v. Britt, 117 Mo. 586; Powell v. Sherwood, 162 Mo. 605.

*Parker Potter* and *James A. Potter* for appellant in reply.

The cases cited by respondent in support of the second proposition in which it is urged that there is no bill of exceptions in this case, are not in point for the reason that they all refer to cases where the bill of exceptions was not presented to the trial judge within the time allowed. The authorities all hold that where the

bill of exceptions is presented to the trial judge within the time prescribed, the rights of appellant or plaintiff in error will not be prejudiced by the judge's delay in signing it. Especially is this true when the absence of the judge from the State makes it impossible for the appellant to have his bill signed at the proper time. Swem v. Green, 9 Colo. 358; Classer v. Hackett, 37 Fla. 358; Loud v. Prichett 104 Ga. 648; Olds v. Railroad, 165 Ill. 472; Railroad v. Morrison, 160 Ill. 288; Weber v. Ins. Co., 80 Ill. App. 390; Vincennes Water Supply Co. v. White, 124 Ind. 376; Robinson v. Anderson, 106 Ind. 152; Toner v. Railroad, 58 S. W. 439; Chenault v. Quisenberry, 19 Ky. L. Rep. 1632, 43 S. W. 717; Linaham v. Barley, 124 Mo. 560; Field v. Gellerson, 80 Me. 270; Cochrane v. Little, 71 Md. 323; Browne v. Hale, 127 Mass. 158; People v. Judge of Sup. Court, 41 Mich. 726; McGee v. Beall, 63 Miss. 455; 3 Cyclopedia Law and Procedure, 44.

GANTT, J.—The prosecution in this cause was begun by the filing of an information by the prosecuting attorney of Lawrence county, duly verified, charging the defendant with forgery. The information contained thirteen counts, but all of these were dismissed except the third, which is in the following form:

"In the circuit court of Lawrence county, State of Missouri.

"State of Missouri, Plaintiff, vs. G. A. Paul, Defendant.

"Harvey Davis, prosecuting attorney, in and for the county of Lawrence, in the State of Missouri, acting herein upon information and belief, informs the court that one G. A. Paul, at the county of Lawrence, in the State of Missouri, on the 25th of May, 1904, unlawfully and feloniously did forge, counterfeit and falsely make a certain instrument, in writing, to-wit, a certain promissory note, purporting to be the act of one

J. R. Reed, by which a pecuniary demand and obligation for the payment of sixty-two and 65-100 dollars by the said J. R. Reed to G. A. Paul, or order, ninety days after date purported to be created, which said forged, counterfeit and falsely made instrument, in writing, to-wit, the said promissory note, is of the tenor following, that is to say:

" '$62.65           Aurora, Mo., 5-25-1904.

" 'Ninety days after date I promise to pay to G. A. Paul, or order, sixty-two and 65-100 dollars for value received with eight per cent interest per annum thereon from date, which interest shall be due and payable annually, and if the interest thereon be not paid annually or when due, the same shall, when due, be added to and become a part of the principal and bear interest at the same rate.

" '(Signed)    J. R. REED.    Post Office—City.' with intent then and there and thereby, unlawfully and feloniously to injure and defraud, against the peace and dignity of the State.            HARVEY DAVIS,
                                   "Pros. Atty.

"Harvey Davis, prosecuting attorney, makes oath and says that the facts stated in the above and foregoing information are true according to his best information and belief.            HARVEY DAVIS.

"Subscribed and sworn to before me this 18th day of October, 1905.

" (Seal)        M. B. GARDNER, Circuit Clerk."

The regular judge of the court was disqualified and Honorable Hugh Dabbs, judge of the Jasper Circuit Court, was called in to try the cause, and at the December term, 1905, the trial was had and the defendant convicted and his punishment assessed at imprisonment in the state penitentiary for a term of two years. In due time he filed his motions for a new trial and in arrest of judgment, both of which were overruled, and he

duly excepted. Thereupon, the court sentenced him in accordance with the verdict of the jury; from that judgment and sentence he has appealed to this court. At the same term he was given leave to file a bill of exceptions on or before the 20th day of February, 1906. On February 20, 1906, the time for filing his bill of exceptions was extended by a proper order signed by Judge Dabbs until April 20, 1906. On April 19, 1906, the time was extended by proper order until June 20, 1906. Again, on June 16, 1906, the time for filing the bill was extended for sixty days from that date. On August 15, 1906, the prosecuting attorney and the defendant's attorney signed and filed a stipulation in accordance with the statute extending the time for filing the bill to August 20, 1906. No further extensions were granted either by the court or by agreement of counsel filed with the clerk, but on the 15th of December, 1906, a bill of exceptions was signed and filed. At the time the bill was signed, in the vacation of court, Judge Dabbs made the following order: "That thereafter, on the 15th of August, 1906, said bill of exceptions was delivered at the chambers of the undersigned special judge in the above-entitled cause and within the time heretofore allowed by a former order of the court, and on account of the absence of special judge from the State of Missouri, it was impossible for the defendant to have said bill of exceptions signed within the time allowed. It is therefore ordered by the undersigned special judge in said cause that said bill of exceptions, which by order of the court should have been filed on or before the 20th of August, 1906, be and the same is hereby signed and sealed, and the circuit clerk of Lawrence county, Missouri, is hereby ordered to file the same as of that date and that the same may be made a part of the record in this cause. Given under my hand this 10th day of November, 1906, at chambers in the city of Joplin, Missouri. Hugh Dabbs, special judge."

This bill was endorsed by the clerk of the Lawrence Circuit Court as follows: "State of Missouri vs. G. A. Paul, defendant. State of Missouri, County of Lawrence, ss. On this 15th day of December, 1906, by the order of the Honorable Hugh Dabbs, special judge, I hereby file the within bill of exceptions as of date of August 20, 1906. M. B. Gardner, circuit clerk."

Various errors are assigned for the reversal of this cause both in the oral argument and in the brief of counsel filed in behalf of defendant.

1. At the outset, the question arises as to what errors this court can review in the state of the record before us. It is insisted by the Attorney-General that there is nothing before the court except the record proper, because the bill of exceptions was not filed within the time allowed by the court. On the other hand, it is urged by the learned counsel for the defendant that, inasmuch as he presented the bill of exceptions at the chambers of Judge Dabbs, who presided in the cause, on the 15th of August, 1906, and Judge Dabbs was at that time absent from the State and did not return until after the time allowed for signing the bill, the bill should be considered as a part of the record. The authority of a judge of the court to sign a bill of exceptions in vacation, and making it a part of the record, is purely statutory in this State. The same rule prevails in both criminal and civil cases. [R. S. 1899, sec. 728.] In the construction of that statute, it has been uniformly ruled by this court that where the period beyond the trial term of court granted by the court in which to file a bill of exceptions, has expired, neither the court nor judge in vacation can extend it, and the bill of exceptions filed in pursuance of such a void order will not be considered on appeal. [State v. Scott, 113 Mo. 559; State v. Apperson, 115 Mo. 470; Powell v. Sherwood, 162 Mo. l. c. 611, and cases there cited.] Accordingly, it must be ruled that the bill of

exceptions signed by Judge Dabbs on the 10th of December, 1906, and filed in the office of the clerk on the 15th of December, 1906, is no part of the record before us and the matters of exception therein cannot be considered on this appeal, and we must, therefore, look to the record proper for reversible errors.

2.    Looking, then, to the record, proper, we discover no valid objection to the form of the information. The information charges an offense under section 2009, Revised Statutes 1899; the record is entirely free from error in the arraignment of the defendant, the impanelling of the jury, the return of the verdict and the sentence of the court.    No error appearing, the judgment of the circuit court must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.