## THE STATE v. EVERETT BRAGG, Appellant.

### Division Two, December 10, 1907.

1. **BILL OF EXCEPTIONS: Time for Filing.** When the time for filing a bill of exceptions in a criminal case has expired, the court or judge is without authority to extend the time, and a bill filed within the time fixed by a void order cannot be considered on appeal.

2. ————: ————: **On First Day of Term.** Where the time for filing the bill of exceptions was extended to the first day of the October term, and the court met on that day, and, without doing anything further, adjourned to the next day, and on that day extended the time to the January term, and at that term to the May term, a bill of exceptions approved and filed during the

State v. Bragg.

May term cannot be considered on appeal. Appellant should either have filed his bill before the first day of the October term, or obtained an order before that day extending the time, and having done neither the court thereafter had no authority to extend the time within which he could file his bill.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*H. F. Millan* for appellant.

Defendant filed his bill of exceptions as soon as the stenographer would make his record. Both court and counsel intended the record of extensions of time to be regular, but it seems the Attorney-General's abstract of record shows it was missed one day. Notwithstanding this, if upon the record or if upon a review of the record proper, the case can be reversed, it ought to be done.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

Defendant, having failed to file the bill within the time required, can not have the errors, alleged to have occurred during the progress of the trial, reviewed by this court. State v. Eaton, 191 Mo. 151; State v. Thompson, 149 Mo. 439; State v. Britt, 117 Mo. 584. Even though the parties believed that the bill was filed in time, if the time had, in fact, expired, the bill will not be considered. State v. Cutberth, 203 Mo. 579.

BURGESS, J.—On the 28th day of July, 1904, at the May adjourned term of the circuit court of Adair county, the defendant was convicted of seducing one Ethel May Sewell under promise of marriage, and his punishment fixed at six months in the county jail and a fine of one thousand dollars, under an information filed by the prosecuting attorney of said county charging him with said offense. In due time defendant filed

motions for a new trial and in arrest, which were over-ruled, and he appeals.

After several extensions by the court of the time given defendant within which to file his bill of exceptions, the time was again, on the first day of the May term, 1905, of said court, extended to the first day of the October term following. It appears from the record that the court met on said first day of the October term, and, without doing anything further, adjourned until the next day, upon which day, which was the second day of the term, the court extended the time for filing the bill of exceptions to the January term, 1906, and afterwards, at said January term, again extended the time until and during the following May term, during which term the bill of exceptions was filed by defendant and signed by the trial judge.

The State insists that, as defendant failed to file his bill of exceptions on or before the first day of the October term, 1905, of said court, or to have the time in which to do so extended by the court on said day, the court had no authority thereafter to extend the time, that its order so doing was null and void, and that defendant, for that reason, cannot have the errors alleged to have occurred during the trial reviewed on this appeal.

It has uniformly been held by this court that when the time for filing the bill of exceptions in a criminal case has expired, the court or judge is without authority to extend the time, and a bill of exceptions filed during the time fixed by a void order cannot be considered on appeal. [State v. Cutberth, 203 Mo. 579; State v. Paul, 203 Mo. 681.] In State v. Eaton, 191 Mo. 151, it is ruled that when a bill of exceptions does not appear to have been filed within the time allowed, nor an order made within that time by the court or judge extending the same, there is nothing before us for review except the record proper. In this case the court

made an order extending the time for filing the bill to the first day of the October term, 1905, but the bill was not filed on that day, nor was the time for filing same extended upon that day. The consequence is that there is nothing before this court for review except the record proper. The information is in due form, the record in all material respects free from error, and the judgment is, therefore, affirmed. All concur.