THE STATE v. WARREN STANLEY, Appellant.

**Division Two, June 8, 1909.**

1. **APPEAL: Bill of Exceptions: Extension of Time.** Where the court granted defendant sixty days in which to file a bill of exceptions, and no bill was filed during that time, but sixty-one days after the order was made the court granted further time, a bill thereafter filed cannot be considered on appeal. The court has no authority to extend the time where the time already granted has expired.

2. ——: **No Bill of Exceptions: Murder.** Where no bill of exceptions was timely filed, the court on appeal can consider only the record proper, and if it is in all things sufficient a judgment adjudging defendant guilty of murder in the second degree and assessing his punishment at fifty years in the penitentiary will be affirmed.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

The trial court cannot extend the time granted a party to file his bill of exceptions after it has expired. State v. Schuchman, 133 Mo. 115; O'Bannon v. Railroad, 106 Mo. App. 318; State v. Seaton, 106 Mo. 208; State v. Clark, 119 Mo. 426; State v. Simmons, 124 Mo. 446; State v. Gleason, 172 Mo. 259; State v. Zorn, 202 Mo. 45; State v. Turlington, 102 Mo. 651; State

v. Wilson, 172 Mo. 428; State v. Gregory, 178 Mo. 56; State v. Gray, 172 Mo. 435; State v. Long, 201 Mo. 664.

BURGESS, J.—Under an information charging him with murder in the first degree, for having shot to death one F. E. Holladay, with a pistol, in the county of Dunklin, on the 15th day of May, 1904, the defendant was found guilty of murder in the second degree, and his punishment assessed at fifty years' imprisonment in the penitentiary. After unavailing motions for new trial and in arrest of judgment, defendant appealed.

The killing occurred in a baseball park, at Octa, in Dunklin county, on a Sunday afternoon. The deceased, with one Zenath Cook and several others, was upon the baseball ground about 2 p. m., presumably for the purpose of witnessing the ball game, which had not yet commenced. Cook and the deceased were sitting down, engaged at the time in reading a letter, when the defendant approached, raised Cook's hat, applied to him an ugly epithet, and said, "What have you got to do with it?" and at the same time struck Cook over the left eye with brass knucks which he had on his hand. The defendant then drew a pistol from his hip pocket, and about the same time the deceased, who was still sitting, struck at defendant with a baseball bat, but it is not clear from the evidence that the bat struck him. After striking at the defendant, the deceased turned and began crawling "on all-fours" away from the defendant, who immediately began shooting. The defendant fired several shots, and the evidence shows that the second shot from defendant's pistol struck the deceased, who died from the wound two hours later. The bullet that killed the deceased entered his body two inches to the left of the spinal column, between the ninth and tenth ribs, and was

found two inches to the right of the right nipple. The physician who examined the wound testified that the course of the ball made it plain that the deceased was shot while down or in a stooping posture. The deceased was unarmed at the time. It also appears from the evidence that on the day preceding the killing Ralph Stanley, a brother of the defendant, and the deceased had a difficulty, and that the deceased knocked the former down; that the deceased then offered to shake hands, whereupon Ralph Stanley said, "No, I will see you again; I don't know whether or not I will be able to see you to-morrow, but I will send my big brother." Ralph Stanley testified that he told his brother, the defendant, about this difficulty the morning of the day the killing occurred.

The court allowed several extensions of the time for filing a bill of exceptions in this case. We find from the record that on July 24, 1906, the time for filing the bill was by the court extended to the third day of the November term, 1906, of said court, which third day was the fourteenth day of November. Thereafter, the court made an order extending the time for filing the bill sixty days from the expiration of the time theretofore granted for filing the same; but it is shown by the record that the next order granting a further extension of time was not made until the 14th day of January, 1907; so that, by computing the time from the 14th day of November, 1906, to the 14th day of January, 1907, it will be readily seen that sixty-one days, or one day more than the time allowed, had elapsed between the last and the immediately preceding order of the court in this regard, and any further extension of time for filing the bill, after the sixty days previously allowed had expired, availed the defendant nothing. [State v. Simmons, 124 Mo. l. c. 446.]

As we hold that no bill of exceptions was filed in this case within the time allowed by the court, there

is, therefore, nothing before this court for review except the record proper. The defendant is not represented in this court, but as is our duty to do, we have carefully examined the record proper, and find it free from error. The information is in due form, as well also as all subsequent proceedings which go to make up the record proper. The murder of which the defendant was convicted was committed with more than the usual degree of brutality, was without excuse, or even a mitigating circumstance. The judgment should be affirmed. It is so ordered.

All concur.