## THE STATE v. DAVID LEAHY, Appellant.

### Division Two, March 15, 1910.

1. **BILL OF EXCEPTIONS: Untimely Extension.** Where the court gave appellant thirty days in which to file a bill of exceptions, and the last day of that time was Sunday, the court had no authority on the next day to make an order extending the time.

2. ———: ———: **Nunc Pro Tunc Order.** And the time allowed by the order having expired, and there being no other legal extension on or before the last day given by that order, the court could not by a *nunc pro tunc* order further extend the time granted by the second order which had also expired.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Thos. J. J. Stanton* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) On Friday, April 2, 1909, defendant was granted an appeal to this court, and leave was given defendant of thirty days in which to prepare and file his bill of exceptions. By computation of time, he would have the remaining twenty-eight days in April and two days in May in which to file his bill of exceptions. The second day of May falling on Sunday, which would, under the rule of computation, be excluded (R. S. 1899, sec. 4160), on Monday, the third day of May, by order of court, the time for filing the bill was extended fifteen days. By computation, the time under this order would expire for filing the bill of exceptions on May 18, 1909. No further orders were made in the cause until the 4th

of June, 1909, when the court made the nunc pro tunc order. Defendant was given until May 18, 1909, to file his bill of exceptions, and unless the time had been extended on or before May 18, 1909, neither the court, nor the judge, nor the parties, could, after that date, make any further extension, and hence the bill of exceptions filed on the fourth day of June, seventeen days after the time allowed by the court had expired, was filed without authority of law, and cannot be considered by this court. State v. Seaton, 106 Mo. 198; State v. Britt, 117 Mo. 584; State v. Mosley, 116 Mo. 545; State v. Eaton, 191 Mo. 155; State v. Apperson, 115 Mo. 470; State v. Thompson, 149 Mo. 439. (2) The fact that the court made the order of June 4th as a nunc pro tunc order, is immaterial and can in no way affect the legal requirement that the bill of exceptions be filed within the time allowed by the court unless the order extending the time for filing the bill of exceptions was actually made on or before May 18. This order of June 4, reciting that it is a nunc pro tunc order, will not suffice, as there is no pretense that it is an entry made of something which was actually previously done, to have the effect of the former date. It simply attempts to supply omitted action by the court, judge or parties, in extending the time for filing the bill. A nunc pro tunc entry in practice is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake. 12 Am. & Eng. Ency. Law, p. 80; Perkins v. Hayward, 132 Ind. 101. (3) There is no memorandum found among the records of the case required by law to be kept showing any action or orders made by the court, the judge, or the parties, which the clerk failed to record on or before the 18th day of May, hence there is nothing upon which the court could make an entry nunc pro

tunc, and the same is null and void and of no force or effect. 12 Am. and Eng. Ency. Law, 81. (4) The object of a judgment nunc pro tunc is not the render-.ing of a new judgment and the ascertainment and determination of new rights, but is the placing in proper form on the record of the judgment previously rendered, to make it speak the truth and show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered in the place of the one it did erroneously render, nor to supply non-action by the court. Dumas v. Hunter, 30 Ala. 188; Browder v. Faulkner, 82 Ala. 257. (5) The power to amend nunc pro tunc is not revisory in its nature, and is not intended to correct judicial errors. Such amendments ought never to be the means of modifying or enlarging the judgment or the judgment record so that it shall express something which the court did not pronounce, even although the proposed amendment embraced matter which clearly ought to have been pronounced—however erroneous, the express judgment cannot be corrected at a subsequent term. 1 Freeman on Judgments, secs. 71, 72; Brown v. Barnes, 93 Ala. 58; Wilmerding v. Banking Co., 28 So. 640; Secou v. Leroux, 1 N. M. 391. (6) The entry of a judgment nunc pro tunc presupposes the actual rendition of a judgment at the prior date stated in such entry. Burnes v. Skeleton, 29 Tex. Civ. App. 454; Young v. Young, 165 Mo. App. 624; Dawson v. Waleheim, 89 Mo. App. 245; Witten v. Robinson, 31 Mo. App. 525; Ross v. Ross, 83 Mo. 100; Allen v. Sales, 56 Mo. 28. (7) Before a nunc pro tunc entry can be made, something in the record, the judge's docket, the clerk's minutes or papers on file must show that the record in fact is correct. Atkinson v. Railroad, 81 Mo. 50; Belkin v. Rhodes, 76 Mo. 643; 1 Black on Judgments (2 Ed.), sec. 135. (8) A nunc pro tunc entry is to make the record speak the truth. In this cause there is no pretense that

the judge, the court, or the parties by agreement in writing, made an order extending the time, or did anything by memoranda or otherwise regarding the extension, or that the parties or their attorneys agreed to the extension or made any memoranda regarding same: Therefore, there was nothing before the court upon which to base and enter a nunc pro tunc order of record extending the time for filing the bill, and the same is wholly and absolutely void, and there is nothing before the court but the record proper. Our statute provides when a bill of exceptions shall be filed. R. S. 1899, secs. 728 and 2640.

BURGESS, J.—Upon an information filed by the assistant circuit attorney of the city of St. Louis on the 2nd day of December, 1908, the defendant, in the circuit court of said city, was convicted of assault with intent to kill, without malice, and his punishment assessed at two years in the penitentiary. Timely motions for new trial and in arrest of judgment filed by the defendant were overruled by the court, whereupon defendant appealed.

It appears from the record that on April 2, 1909, the defendant was granted an appeal to this court, and thirty days allowed him within which to prepare and file his bill of exceptions. The time allowed for this purpose expired on the 2nd day of May, 1909, which it appears was Sunday, and notwithstanding that the time allowed expired on said day, the court, on the following day, Monday, May 3, 1909, made an order further extending the time for filing the bill of exceptions fifteen days, which fifteen days, as will be found by computation, expired on the 18th day of May, 1909. The record does not show that any further order was made until the 4th day of June, 1909, when the court made the following order:

"It is this day ordered by the court, for good cause shown by the attorney for the defendant, that

the following order be entered *nunc pro tunc* as of and for the 18th day of May, 1909, the said date to conform with the facts and proceedings in this cause, to-wit:

"It is this day ordered by the court that the time heretofore granted defendant to file his bill of exceptions herein on or before the 18th day of May, 1909, be again extended up to and including the 5th day of June, 1909, and that when so filed the same to have the same force and effect as if filed on the 18th day of May, 1909."

By virtue of this order, the defendant filed his bill of exceptions on the 4th day of June, 1909. These orders of the court, of May 3d and June 4, 1909, were without legal sanction. The time allowed by the prior order of the court for the filing of defendant's bill of exceptions had expired on May 2, 1909, and there being no further legal extension granted by the court on or before that day, it could not be done afterwards; hence, the bill of exceptions, filed on the fourth day of June, after the time previously allowed by the court had expired, was permitted to be filed without authority of law, and cannot now be considered by this court. [State v. Simmons, 124 Mo. 443; State v. Eaton, 191 Mo. 151; State v. Apperson, 115 Mo. 470; State v. Clark, 119 Mo. 426; State v. Stanley, 221 Mo. 547.]

We have nevertheless examined the testimony, and find that there is no merit in defendant's contention that the court erred in admitting certain testimony and in excluding certain other testimony. The defendant had a fair trial, and the verdict of the jury was amply supported by the evidence. We have also, as in duty bound, examined the record proper, and have discovered no error therein. The judgment is affirmed. All concur.