State v. Bailey.

---

## STATE OF MISSOURI, Respondent, v. NATHAN BAILEY, Appellant.

**Springfield Court of Appeals, January 28, 1916.**

1. **APPEAL AND ERROR: Bill of Exceptions: Filing.** Where ninety days was allowed by the trial court for filing a bill of exceptions on appeal from a conviction, in the absence of an extension of such period, the bill filed after such time must be disregarded, unless filed according to the amendment of section 2029, Revised Statutes, 1909, by Laws 1911, page 139.

2. ————: ————: ————. Under the provisions added to section 2029, Revised Statutes 1909, by Laws 1911, page 139, bills of exceptions may be filed regardless of any extension of time therefor at any time before the appellant is required by the rules of the appellate court to serve abstracts of the record, and this applies to criminal cases except that in such cases a full transcript must be filed in the appellate court and no abstracts are required.

3. ————: ————: **Order Extending Time: Return Term of Appeal in Criminal Cases.** In criminal cases, since full transcripts are required to be filed in the appellate court the return term of the appeal is determined by the expiration of any orders or stipulations extending the time for filing bill of exceptions.

4. ————: ————: **When Filed in Criminal Cases.** In criminal cases where full transcript must be filed in the appellate court the bill of exceptions, when filed under section 2029, Revised Statutes 1909, as amended by Laws 1911, page 139, must be filed in time to have the case heard in the appellate court

at the return term as determined by the expiration of the court orders or stipulations, if any, extending the time for filing the bill of exceptions.

5. ————: **Record: Time for Filing.** An appeal from a conviction was granted July 13, 1914, at which time appellant was given ninety days within which to file his bill of exceptions. The bill of exceptions was not filed until April 28, 1915, too late for the March term of the appellate court, which was the return term. *Held*, that the bill of exceptions was not part of the record, not being filed in time. [Citing R. S. 1909, sections 5308, 5309, 5312, 5345 and 2029, as amended by Laws 1911, p. 139; also Springfield Court of Appeals Rule No. 16.]

Appeal from the Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

Submitted on the Record.

STURGIS, J.—The defendant was tried and convicted on an information charging him with buying and receiving stolen property, knowing the same to have been stolen. The jury found the property to be of less value than thirty dollars and assessed the punishment at a fine of one hundred dollars, from which the defendant has appealed. Although defendant was represented in the trial court by able counsel, we are not favored with any statement or brief from either party in this court. The case is submitted on the transcript of the record alone.

The appeal in this case was granted July 23, 1914, at which time defendant was given by court order ninety days within which to file his bill of exceptions. No bill of exceptions was filed within the time so given and no further extension of time was given by court order or stipulation of parties made within such extended time. If, therefore, the validity of the bill of exceptions and its being made a part of the record for the purpose of review by this court is dependent on any extension of time by order of court or stipulation of parties, such bill of exceptions must be disregarded

here. State v. Granger, 203 Mo. 586, 102 S. W. 498; State v. Cutberth, 203 Mo. 579, 102 S. W. 658; State v. Leahy, 226 Mo. 519, 523, 126 S. W. 399, and cases cited.

The bill of exceptions was signed by the trial judge and filed by an order of court then made on April 28, 1915. The transcript of the case was filed in this court on June 17, 1915. Is the bill of exceptions, included in the transcript here, a part of the record under the Laws of Missouri 1911, page 139, amending section 2029, Revised Statutes 1909? The proviso then added to this section gives an appellant in a civil case the right to have his bill of exceptions signed and filed, regardless of any extension of time therefor, "at any time before the appellant shall be required by the rules of such appellate courts respectively to serve his abstract of the record." This proviso refers to the rules of appellate courts as to filing abstracts made under the power granted by sections 2048 and 2051 Revised Statutes 1909.

The Supreme Court, in State v. Rogers, 253 Mo. 399, 407, 161 S. W. 770, held that, in view of the fact that section 5245, Revised Statutes 1909, providing for filing bills of exceptions in criminal cases, provides that same may be signed and filed as allowed by law in civil cases, the amendment above noted applies to filing bills of exceptions in criminal cases also, the court remarking: "Consequently, when the civil code was amended in 1911 so as to permit the filing of bills of exceptions after the time would expire within which the court might require such bills to be filed, section 5245, supra, underwent the same amendment, and bills of exceptions may be filed in criminal cases within the same time and under the same terms and conditions as in civil cases." And in State v. Prince, 258 Mo. 315, 330, 167 S. W. 535, the court said: "Under section 2029, Revised Statutes 1909, as amended by Laws 1911, p. 139, a trial judge may now approve, sign and order a bill of exceptions filed after the expiration of the time

granted for filing same, and the clerk may file such bill in vacation without any previous order of the court, except the order of the judge in vacation embraced in his certificate showing that the bill has been approved and signed by him.''

In State v. Conners, 258 Mo. 330, 167 S. W. 429, the Supreme Court ruled that what is termed the short method of perfecting appeals is not applicable to criminal cases and that a defendant cannot perfect his appeal by first filing a certified copy of the judgment and order granting the appeal and thereafter filing abstracts of the record as provided under section 2048, Revised Statutes 1909, but must, in such cases, file a full transcript as provided by sections 5308 and 5309, Revised Statutes 1909. Such also is the holding of this court in State v. Faith, 180 Mo. App. 484, 493, 166 S. W. 649. See, also, State ex rel. Pedigo v. Robertson, decided by the Supreme Court at this term. Nor are abstracts of the record required to be filed in any criminal case, but the appellate court must proceed to render judgment on the record without any assignment of error. [Section 5312, Revised Statutes 1909; State v. Davidson, 73 Mo. 428; State v. Myers, 99 Mo. 107, 12 S. W. 516; State v. Faith, 180 Mo. App. 484, 493, 166 S. W. 649; State v. Lane (Kansas City Court of Appeals) 180 S. W. 394.] Certainly the defendant cannot here insist that there is any rule of court requiring an abstract of the record to be filed at any time, since this case is presented without abstract, statement or brief.

Granting, therefore, that defendant, under Laws 1911, page 139, supra, has as in civil cases the right to file his bill of exceptions at any time before he, as appellant, ''shall be required by the rules of such appellate court to serve his abstract of the record'' when did such time expire? Neither this nor any other appellate court has any rule specifying when abstracts of record in criminal cases shall be served, for none are or can be required. This court and the other appellate courts

have a rule (our Rule 16) strictly enforcing the provisions of section 2047, Revised Statutes 1909, as to the return term of appeals, and requiring a civil case to be ready for presentation at such return term regardless of the time given to file bills of exceptions in the trial court. If appellant cannot file a complete transcript in time to perfect his appeal at the return term when and because the extended time for filing the bill of exceptions has not expired and none is yet filed, he must, nevertheless, present his appeal by the short method. This is the rule in all the appellate courts and the return term of an appeal cannot be prolonged by any extension of time to file bill of exceptions; and this is just as true under the amendment of 1911, supra, as before. But since, as we have seen, the appeal in a criminal case can only be perfected by filing a full transcript of the record and such must contain the bill of exceptions, of necessity the above-mentioned rule cannot apply when the time for filing the bill of exceptions has been so extended as to prevent the appeal being perfected at the return term, and of necessity the old rule that the return term of an appeal must be determined by the time of filing the bill of exceptions, when filed within the extended time, must still prevail in criminal cases.

The appeal in this case was granted July 23, 1914, and the return term thereof, under section 2047, Revised Statutes 1909, was our October term, 1914, but as the trial court granted defendant ninety days to file his bill of exceptions, such fact would make our March term, 1915, the return term of this appeal. Had the bill of exceptions been actually filed in time to have perfected the appeal including same at that term, such bill would have been part of the record without any further order of the court extending the time. Such were the facts presented in State v. Conners, supra. The bill of exceptions here was not filed, however, until April 28, 1915, too late for our March term

of court, and in no view of the case is the bill of exceptions a part of the record here.

This leaves for our consideration only the record proper. This we have examined and find without error. The information accords with approved forms and defendant was given a trial before a jury duly impanelled. We will further say that, while not required to examine any errors appearing only in the bill of exceptions, we have read the same and find no reversible error therein.

The judgment will therefore be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.