## JOSEPHINE PARKYNE v. CHARLES S. CHURCHILL et al.; LAURA E. MOODY, Appellant.

### Division One, November 30, 1912.

1. **APPEAL: Defective Abstract: Dismissal.** Where under the heading "Abstract of Record" enough appears to make the record proper a matter for review in the appellate court, the appeal will not be dismissed, however defective the abstract may be in other respects.

2. ———: **Abstract: No Motion for New Trial Shown in Bill of Exception.** Where there is such a commingling of record proper and matters of exception in the abstract that it cannot be determined therefrom whether or not the motion for a new trial is preserved in the bill of exceptions, no matter of exception can be considered on appeal. The setting out of the motion for a new trial in the record proper is not sufficient. It must either be set out in the bill of exceptions, to which it belongs, or there must be something in the bill to show that it was made a part thereof.

3. ———: ———: **Motion to Strike Out: Demurrer.** If defendant's motion to strike out the petition be treated as a pure motion, its place is in the bill of exceptions, but if preserved therein it cannot be considered on appeal, if no motion for a new trial was preserved in the bill, for then no part of the bill can be considered. On the other hand, if it be treated as a demurrer, its place is in the record proper; but in this case it cannot be so considered, because defendant answered over after it was filed.

4. ———: ———: **Record Proper.** Where no part of the bill of exceptions or the demurrer to the petition can be considered on appeal, and in the record proper is found a good petition, and a decree that responds to at least one count of it, if not to both, the judgment will be affirmed.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. W. Jackson* and *W. J. Boyd* for appellant.

*E. H. Farnsworth* and *Lamar, Lamar & Lamar* for respondent.

It is impossible to know from the manner in which the so-called abstract has been prepared, what is record proper and what is, or was, matters preserved by exception. Jackson v. Bolt & Nut Co., 238 Mo. 657; Owens v. Mathews, 226 Mo. 77; Kolokas v. Railroad, 223 Mo. 461; Wallace v. Libby, 231 Mo. 341; Barnham v. Shelton, 211 Mo. 66; Clay v. Wholesale Co., 200 Mo. 637; Keeton v. Weber, 233 Mo. 691; Pugsley v. Cooperage Co., 154 Mo. App. 386.

GRAVES, P. J.—By a petition first filed in this cause, plaintiff, in a single count, sought to have the circuit court ascertain and determine her title to two certain blocks in the town of Mountain Grove, Wright county, Missouri. Whilst title was claimed by adverse possession for ten years, the action should be properly denominated one under old section 650. Later the petition was amended by the addition of another count, setting up facts constituting a resulting trust, but followed with a prayer, as under old section 650, to ascertain and determine the interests of plaintiff and defendants in and to the property in dispute. This petition was challenged by demurrer, but this was overruled *nisi,* and the appealing defendants answered over. That answer reads:

"Now comes the defendant, Laura E. Moody, and by leave of the court first had and obtained files this her separate amended answer to plaintiff's amended petition herein, and says that she denies each and every allegation therein contained, not herein expressly admitted.

"Defendant, Laura E. Moody, admits that she claims some right, title and interest in and to the real estate described in plaintiff's petition. She alleges and says that she is the owner and holds the legal title

to the lands described in plaintiff's amended petition aforesaid.

"Defendant further alleges and says that she is the sole owner and holds the equitable title to the lands described in the plaintiff's petition aforesaid.

"For another and further answer and defense to the plaintiff's action the defendant says and avers the fact to be that the plaintiff's action, if any she had, was barred before the filing of the original petition in this action, in this that any action that the plaintiff may have had, accrued and existed more than ten years before the filing of the original petition herein, which Statute of Limitation defendant especially pleads in bar of the plaintiff's action."

No reply appears in the record, but the cause seems to have proceeded as if the reply had been filed. The judgment, after finding the service of process by publication upon all the defendants named, except Laura E. Moody, and pronouncing a default judgment against them, then proceeds:

"The court further finds all the issues for the plaintiff. Finds that the plaintiff is the owner in fee and in possession of the land described in the petition herein, to-wit, block six and seven in Durham's Addition to the original town of Mountain Grove. Finds that none of the aforesaid defendants have any right, title, interest or estate, either in law or equity, in and to the said real estate.

"Wherefore it is considered, ordered and decreed by the court that all of said defendants, to-wit: Joseph A. Dedmon, S. S. Dedmon, C. C. Dedmon, Elizabeth Durham, E. M. Durham, Adolph A. Durham, Emmett McDurham, Lizzie Kennamore, Catherine A. Hull, Samuel Coleman, J. W. Isom and Chas. S. Churchill and the unknown heirs of each and all of the aforesaid defendants and Laura E. Moody, defendant, be and they are hereby divested of any and all right, title, interest and estate, both in law and

equity, in and to said block six and seven, Durham's Addition to the original town of Mountain Grove, and that all right, title, interest and estate be vested and the same hereby is vested and quieted in the plaintiff, Josephine Parkyne. It is further adjudged that the plaintiff have and recover of and from the defendant, Laura E. Moody, all costs in this behalf laid out and expended.''

It should be noted that the judgment also recited the appearance of Laura E. Moody in person and by counsel. From this judgment Laura E. Moody has appealed. Such states the condition of affairs in the trial court. In this court the defendant appealing is met with a motion to dismiss her appeal. The motion is of length, but its effect is to challenge the sufficiency of the abstract filed in this court. Further outline of the case can be properly omitted in the statement, and additional matter be left to the opinion.

I. The motion to dismiss the appeal must be overruled. However defective the abstract of record may be as to other matters, there is a proper abstract of the pleadings and judgment. Under the head of ''Abstract of Record'' appears enough to make the record proper a matter of review by this court, and in such case a motion to dismiss the appeal is never sustained. The question has been so frequently ruled by this court, that a mere statement of the situation will suffice. The motion to dismiss the appeal is therefore overruled.

II. Refusing to absolutely dismiss the appeal, however, does not relieve the defendant of all of the difficulties in this court. Respondent's motion points out many things going to show that we can only consider upon this appeal the record proper. In other words, that all matters of exceptions are precluded from a review here, by reason of defects in the abstract filed.

Respondent challenges the sufficiency of this record and on such challenge stands. She does not brief the merits of the case. To our mind her objections to the abstract of record are well taken. There is a commingling of record proper and matters of exceptions to such an extent, that it is impossible to say what is intended for record proper, and what intended as matters of exceptions. It cannot be determined from this abstract whether the motion for new trial was preserved in a bill of exceptions or not. We have stated above that there is a caption in the abstract of record entitled "Abstract of Record" and under this caption we find the pleadings and the judgment. These matters and a preliminary statement of the case run to and take a part of page 13 of the document called "Statement, Abstract of Record, Brief and Argument of the Appellant, Laura E. Moody." Following the last sentence of the judgment on said page thirteen, we find:

"To the rendition of which judgment the defendant, Laura E. Moody, then and there objected and excepted.

"Afterwards, to-wit, on the 5th day of March, 1909, and within four days after the rendition of said judgment, the defendant, Laura E. Moody, filed her motion for a new trial, which motion, omitting caption, is in words and figures as follows." (Here follows motion in full, which we omit.)

Upon the very heels of this motion for new trial set out in full as above stated we find on pages 14 and 15 of the so-called abstract the following matter:

"Whereupon, the hearing of said motion was continued by consent of the parties until the adjourned March term of this court to be held on the 12th day of May, 1909, when said motion was, by order of the court overruled; to which judgment and order of the court in overruling said motion, the defendant by her counsel then and there duly objected and excepted.

"Thereupon, on the same day, the defendant filed her application and affidavit for an appeal to the Supreme Court, which was by the court granted and the defendant given until the first day of August, 1909, to file her bill of exceptions.

"On the 17th day of July, 1909, the bill of exceptions in this case was signed by Argus Cox, judge of the circuit court of Wright county, Missouri, and the same was, on the 23rd day of July, 1909, filed in the office of the circuit clerk of Wright county, Missouri.

"Whereupon, the clerk in vacation made and entered of record the following record entry:

"Josephine Parkyne v. Joseph A. Dedmon et al.

"Now on the 23rd day of July, 1909, comes defendant, Laura E. Moody, by her attorneys, it being within the time allowed by the court to file bill of exceptions and files her bill of exceptions in this cause.

"At the beginning of the trial the following agreement between the parties to this suit was taken and entered of record."

Under the caption "Evidence in the Cause" as above set out we find the next fifteen pages setting out the evidence heard upon the trial, and then on page 30 of the document is this conclusion:

"Defendants offered in evidence a deed from Charles S. Churchill to Laura E. Moody, conveying his interest in these lots to her.

"Defendants thereupon rested in chief.

"Plaintiff rested.

"Defendant rested."

On page 31 is found the "Assignments of Errors." Pages 32 and 33 the "Points and Authorities." The remaining two pages is what is called the "Argument."

From this brief outline it is clear that it does not appear whether a motion for new trial was ever preserved in a bill of exceptions. It is placed under the

caption of "Abstract of Record." A bill of exceptions is not mentioned until we reach page 15 of the document here challenged. On that page we have a recital of its filing and the record entry showing its filing. After this there is no mention of a motion for new trial. After this mention of a bill of exceptions, we have the evidence set out, and we might possibly be justified in concluding that such evidence was in the bill of exceptions, although there is no statement that it was in fact preserved therein. But the motion for new trial and the exception to the action of the court in overruling it are not so advantageously located. This comes before the mention of a bill of exceptions, and under the heading of "Abstract of Record." The abstract filed by applicant is fatally defective, and leaves for our consideration the record proper. [Jackson v. Bolt & Nut Co., 238 Mo. l. c. 660; Kolokas v. Railroad, 223 Mo. l. c. 460, and cases cited and reviewed therein.]

III. With all matters of exceptions beyond our review several points made in the brief become unavailing. The motion to strike out is a lost error, for if it be treated as a pure motion, its place is in the bill of exceptions and not in the record proper. If on the other hand it be treated as a demurrer, it is a part of the record proper, but can't be considered here, because the defendant answered over, thereby waiving the demurrer or any motion in the nature of a demurrer. A like rule would apply to the demurrer proper.

Going next to the record proper to which our right to review is limited by defendant's failure to abstract her record properly, we find a good petition, and a decree which responds to at least one count of the petition, if not to both. In such case we are forced to affirm the judgment. Let the judgment be affirmed.

All concur.