# R. D. WALLS, Appellant, v. J. O. TINSLEY, Respondent.

### Springfield Court of Appeals, January 30, 1915.

1. **APPELLATE PRACTICE: Motion to Affirm: Basis for.** The only basis for a motion to affirm a judgment is the failure of the appellant to perfect his appeal in the manner and within the time prescribed by sections 2047, 2048, R. S. 1909.

2. **————: Commingling of Record Proper and Matters of Exception.** Where appellant has perfected his appeal in due time and has served and filed his abstract of record, the respondent cannot have the judgment affirmed on motion on the ground that the abstract commingles the record proper and matters of exception and makes no distinction as to what matters are record proper and what are preserved by the bill of exceptions.

3. **————: Motion to Affirm: Brief.** A motion to affirm cannot serve the purpose of a printed brief in pointing out and raising the point that nothing but the record proper is before the court.

4. **————: Defective Abstract: Attention Directed to, How.** Where the abstract is so defective that nothing but the record proper is before the court, court rule XVIII provides that the attention of the court shall be called thereto in briefs. A motion to affirm, accompanied by manuscript brief, is not sufficient.

5. **————: Form of Record: Court Rules.** Under court rules XV and XXXII an abstract is not defective simply because the timely filing and overruling of a motion for a new trial, the taking of an appeal and the filing of the bill of exceptions were shown only in the bill of exceptions.

6. **————: Proceedings: Record: What Stated and Where.** Under court rules XV and XXXII it is sufficient if the abstract of the record, taken as a whole, including what is shown by the bill of exceptions, show the timely filing and overruling of a motion for a new trial and an exception thereto saved, and that the appeal was duly taken and the bill of exceptions duly filed.

7. **————: Breach of Warranty: Purchase Price: Defeat of, When.** The purchaser of an animal did not offer to return same upon discovery that the animal was not as warranted, nor did he ask for a return of the purchase money and a rescission, but kept the animal for two years until it died. He could reduce the purchase price to the amount of the dif-

ference between its real value and what the value would have been had the animal been as warranted and he could defeat the whole purchase price or unpaid balance if the animal had no value whatever, or if it was of less value than the amount already paid on the purchase price.

8. SALES: Worthless Purchase: Purchaser's Duty. One cannot voluntarily keep and use worthless property with knowledge of its being worthless and thereby multiply damages or expenses chargeable to vendor.

Appeal from Pemiscot County Circuit Court.—*Hon. Frank Kelly*, Judge.

AFFIRMED (*conditionally*).

*C. P. Hawkins, N. C. Hawkins* and *W. R. Hall* for appellant.

(1) Respondent kept the animal and made no complaint until the note sued upon was due and payment demanded. He is not entitled to any actual damages or to any accumulated damages after he discovered or should have discovered by the use of ordinary care, defects and failure of warranty, if any. He can only recover the difference between the price paid and the actual value of the animal. Case of Mark et al. v. Williams, 204 Mo. 242; Arnold v. Carson, 95 Mo. 426; St. Louis Brewing Assn. v. McEure, 80 Mo. App. 429; Norrison v. Lusier, 73 Mo. App. 95; Benj. on Sales, pp. 646, 649, 650; Poland v. Miller, 95 Ind. 387; Rogers v. Niles, 11 Ohio St. 48. (2) Where party keeps property after discovering a defect or failure of warranty, he cannot hold the property and sue for accumulated damages. Mark v. Williams, 204 Mo. 242.

*Ward & Collins* for respondents.

STURGIS, J.—The only thing filed by the respondent in this court is a motion to affirm the judgment, accompanied by a manuscript brief in support of

the same.  This motion asks for an affirmance on the
ground that appellant's abstract of the record com-
mingles the record proper and matters of exceptions
and makes no distinction as to what matters are record
proper and what are preserved by the bill of excep-
tions.  An examination of the appellant's abstract filed
here shows that under the caption "Abstract of the
Record" there appears the petition, the summons with
the sheriff's return thereon, a motion for costs, de-
fendant's answer and plaintiff's reply.  Then follows
a bill of exceptions and all proceedings had in the case,
other than the pleadings, appear therein and nowhere
else.  The appeal is brought here by the short method
and a certified copy of the judgment and order grant-
ing the appeal, showing the date and term of court, are
on file in this court.  The bill of exceptions has no cap-
tion calling it by that name, but the opening clause, be-
ginning with the general formula "Be it remembered,
that this cause coming on to be heard in the above en-
titled court on Saturday, August 2, 1913, being the
regular July term of said court, before the Honorable
Frank Kelly, the regular Judge of said court, with the
aid of a jury, the following proceedings were had to-
wit:" etc., unmistakably stamps it as a bill of excep-
tions.  The certificates signed by the trial judge at the
end thereof is such as is usual and makes each and all
the matters, judgments, orders, rulings, objections and
exceptions preceding it a part of the record in this
case.  The respondent's objection is that some of the
proceedings shown by this bill of exceptions can only
be shown by the record proper.

Under these facts the motion to affirm the judg-
ment must be overruled.  The only basis for a motion
to affirm a judgment is the failure of the appellant to
perfect his appeal in the manner and within the time
prescribed by sections 2047, 2048, Revised Statutes
1909, and the first of these sections requires the motion
to affirm to be accompanied by and be based on a cer-

tificate of the clerk showing the matters there speci-
fied just as if nothing had been filed by the appellant
in the appellate court. After appellant has perfected
his appeal in due time by the short method and has
served and filed his abstract of the record, the respond-
ent cannot, as is attempted here, have the judgment af-
firmed on motion even if it be true, as respondent
claims, that "by reason of the defects in the pur-
ported abstract this court can only look to the record
proper to see if the judgment is one that can be ren-
dered under the pleadings." A motion to affirm can-
not serve the purpose of a printed brief in pointing
out and raising the point that the abstract is so de-
ficient that nothing but the record proper is before this
court for review. [Parkyne v. Churchill, 246 Mo. 109,
112, 151 S. W. 446.] The matters which the respondent
seeks to have brought to the attention of this court by
his motion to affirm and manuscript brief in support
of the same are such as properly belong in briefs
printed and filed under rule 18 of this court.

It is true that the proper and timely filing and
overruling of the motion for new trial, the taking of an
appeal and the filing of the bill of exceptions are mat-
ters of record proper. It is not claimed, however, that
the record in the trial court fails to show that these
steps were duly and timely taken. All that respondent
claims is that the appellant has so printed his abstract
of the record as not to show these matters outside of
the bill of exceptions. Rule 32 of this court expressly
provides that when the appeal is by the short form, as
in this case, the appellant need not abstract the record
entries showing the steps taken to perfect the appeal
or to file the bill of exceptions. A mere statement that
the appeal was duly taken and the bill of exceptions
duly filed is sufficient in the appellate court, unless the
contrary is shown. The proviso to rule 15 of this
court is to the effect that it will be taken as sufficient if

the abstract of the record (including the bill of exceptions) tends to show the filing in proper time of the motion for new trial, the motion in arrest, the affidavit for appeal, and the filing of the bill of exceptions, and that in challenging such matters it is not sufficient to merely state that the abstract does not show such steps to have been properly taken, but it must be shown that such steps were in fact not properly taken. These rules have made a radical departure from the former rulings of this and other appellate courts requiring that in printing abstracts of the records all these matters must be shown in detail and matters of exceptions and record proper be kept separate and that neither could preserve or show what properly belonged to the other. The authorities relied on by the respondent are not applicable to the present rules of appellate practice in this court. Under our rules if the abstract of the record, taken as a whole and including what is shown by the bill of exceptions, shows the timely filing and overruling of the motion for new trial and an exception saved thereto and it is therein stated that the appeal was duly taken and the bill of exceptions duly filed that is sufficient. [Robertson v. Robertson, 178 Mo. App. 478, 163 S. W. 266.] We find the abstract of the record sufficient in these respects.

The suit is on a promissory note for $490. The defense is a failure of consideration, in that the note sued on was given in part payment of a jack sold by plaintiff to defendant with a warranty that the jack was a good breeder and that said warranty failed and the jack proved to be worthless. The whole purchase price of the jack was $600, the other $110 being paid with a horse taken at that value. The defendant does not ask for a rescission of the sale and the return to him of the $110 paid in addition to the cancellation of the note sued on, but does by way of counterclaim ask for damages in "that defendant has been required to keep, care for, and feed said jack from May 19, 1908, to date

at an expense to this defendant in the sum of four hundred and fifty dollars,'' and asks judgment against plaintiff for $450 by way of counterclaim. The jury found against plaintiff on the note and for the defendant on his counterclaim in the sum of $110.

While the evidence is conflicting, there is abundant evidence to sustain defendant's contention that the jack was a very poor breeder and was of little, if any, value for that or any purpose. If, therefore, the issues were properly submitted to the jury the judgment should be affirmed.

There is some evidence that when the note in question became due, some five months after the sale of the jack, the defendant refused to pay this note on the ground that the jack was not according to the warranty and that the plaintiff then offered to rescind the sale, take back the jack and return to defendant the entire consideration. Defendant's evidence on this point is that the plaintiff offered to return this note in exchange for the jack, but not to give back the horse he had received or its value. This issue, however, was submitted on an instruction given for plaintiff and plaintiff cannot complain here because the jury believed the defendant's evidence on this point.

The evidence in the case shows that the defendant kept the jack after he discovered that such jack was not as warranted; in fact, the defendant never offered to return the jack and never demanded a rescission of the sale and return of the purchase money. He kept the jack for more than two years and it then died in his possession. The plaintiff is, therefore, correct in contending that as defendant elected to keep the jack he must be held to have done so at whatever was its reasonable value and can defeat the purchase price only to the extent of the difference between the value of the jack as he was when received and what would have been his value had he been as warranted. [St. Louis Brewing Ass'n v. McEnroe, 80 Mo. App. 429; Mark v. Cooper-

age Co., 204 Mo. 242, 266, 103 S. W. 20; New Birdsall Co. v. Keys, 99 Mo. App. 458, 463, 74 S. W. 12; 30 Ency. of Law (2 Ed.), 209.] It is also true, as shown by these authorities, that if the jack had no value whatever, then defendant need not return him or offer to do so in order to defeat the whole purchase price. The defendant, however, had already paid $110 on the purchase price and the court gave an instruction for plaintiff (numbered 8) to the effect that if the jack was worth more than the $110 paid, then plaintiff could recover such excess; but if the jack was worth less than the $110 paid, the jury should find against the plaintiff on the note. The defendant's instructions on this point told the jury that of the jack was wholly worthless, the defendant need not return him in order to avail himself of a total failure of consideration. Under these instructions, therefore, even if the evidence did not warrant a finding that the jack was of no value for any purpose, the same result would be reached so far as plaintiff's recovery on the note is concerned if the jury found, as it evidently did by its verdict, that the jack was worth less than the $110 paid. The verdict and judgment must, therefore, stand so far as denying plaintiff any recovery on the note.

As before stated, the defendant kept this jack for more than two years and until he died, and, by an instruction given for the defendant, the jury were told that if the jack proved to be so worthless as not to pay for his keep, "then you will find the issue on defendant's counterclaim for whatever sum, if any, you may find and believe from the evidence defendant was required to and did expend in taking care of, keeping and feeding said jack from the time defendant received said jack until the time he died not to exceed $450." The plaintiff, by instructions asked and refused, tried to limit the damages on the counterclaim for keeping the worthless animal to the time prior to defendant's discovery of his worthlessness. One cannot voluntarily

keep and use worthless property with knowledge of its being worthless and thereby multiply damages or expenses chargeable to the vendor. Plaintiff had offered to surrender the note and retake the jack. Had defendant done this, he would not have lost his right to recover the amount already paid if, as he claims, the jack was absolutely worthless and certainly he could not thereafter charge to plaintiff the cost of keeping a jack known to be absolutely worthless. [Mark v. Cooperage Co. 204 Mo. 242, 267, 103 S. W. 20; Newberry v. Bennett, 38 Fed. 308; 30 Ency. of Law (2 Ed.), 220.] The court erred, therefore as to the measure of damages allowed on defendant's counterclaim and the verdict in defendant's favor for $110 damages cannot be allowed to stand.

The case need not, however, be reversed and remanded for a new trial if the defendant is willing to remit that part of his recovery. If defendant will, therefore, within ten days remit in this court the amount of his recovery on the counterclaim, $110, a judgment will be entered here for defendant on the note sued on; otherwise the cause will be reversed and remanded.

*Robertson, P. J.,* and *Farrington, J.,* concur.