## Ex Parte S. M. McANALLY.

### In Banc, November 28, 1906.

1. **HABEAS CORPUS: Jurisdiction: Appeal Pending.** The Supreme Court has jurisdiction in habeas corpus cases where any court in the State or judge thereof has jurisdiction. The fact that petitioner has an appeal pending in the Court of Appeals from the judgment under which he is now confined in the county jail, is no reason why the Supreme Court does not have jurisdiction of the habeas corpus petition: however, ordinarily he would be sent to that court, but not so when that court is not in session and none of its judges are within his reach.

2. **APPEAL: Information: Commitment.** An appeal lies from a judgment based on an information, and an appeal from such judgment must be accorded all the force that would be given an appeal from a judgment founded on an indictment, and no more.

3. **COMMITMENT: Conviction: Appeal: Bond.** Where a defend-
ant has been convicted and takes an appeal and gives an ap-
peal bond and prosecutes his appeal with due diligence, he can-
not be committed to jail during the pendency of the appeal.
Those things operate to suspend the judgment. And if exe-
cution issues and he is committed to jail under that judgment,
he is entitled to his discharge by habeas corpus.

## Habeas Corpus.

PETITIONER DISCHARGED.

*Hensley & Revelle* and *Wm. M. Morgan* for peti-
tioner.

(1)   Petitioner contends that after an appeal was
granted him, amount of appeal bond by the court fixed,
the appeal bond duly filed and approved as the court
directed, this acted as a stay of execution pending the
appeal, and that the sheriff had no authority for im-
prisoning him until his appeal was finally determined.
Secs. 2702, 2703, 2704, R. S. 1899; In re Bauer, 112 Mo.
231.   In In re Bauer this question is fully considered
and the above sections construed, and it is there held
that "where the circuit court admits a defendant to bail
after conviction and approves his appeal bond, he is
entitled to go at large, notwithstanding no order was
entered staying sentence against him." (2) At the time
of the institution of this cause there was no judge of
the circuit court in Bollinger county, the county where
petitioner was imprisoned, and no judge of the St.
Louis Court of Appeals in the State.   Petitioner was
compelled to appeal to this court or undergo the galling
experience of remaining in jail.   The granting of the
relief sought on the first count of the petition will in
no manner interfere with the jurisdiction of the Court
of Appeals in the matter of the appeal.   Petitioner asks
only that he be not imprisoned until after the Court of

199 Sup.—33

Appeal has determined his appeal. This court can grant this relief without passing on any matter that is involved in the appeal. We respectfully submit that without this relief the appeal will avail the petitioner nothing, even though it be determined in his favor.

*Herbert S. Hadley,* Attorney-General, *N. T. Gentry,* Assistant Attorney-General, and *J. Monroe Robins* for respondent.

(1) This court has no jurisdiction in this case, as the petitioner has been granted an appeal to the Court of Appeals, and that appeal is undisposed of. If the petitioner's appeal is still pending in that court, his application for relief should have been made to that court. A writ of habeas corpus should not be granted for the purpose of depriving an inferior court of jurisdiction; neither should it be granted by a higher court when the petitioner's cause is regularly pending in an inferior court. (2) The only question to be decided by this proceeding is whether the petitioner, who was the defendant in a criminal prosecution and was convicted, is entitled to his liberty, pending an appeal of his case. It will be noticed that the petitioner was found guilty of selling liquor without a license; that there were two counts in the indictment, and he was found guilty on both counts. On one count, the circuit court assessed his punishment at a fine of three hundred dollars; and on the other count, the court assessed his punishment at imprisonment in the county jail for a term of four months. While this question does not seem to have been directly passed upon by any decisions of this court, yet the matter seems to have been provided for by the statute. R. S. 1899, secs. 2702-2704. If said sections of the statute do not apply, then it may be said that there are no constitutional, common law or statutory provisions for granting a stay of execution in a misdemeanor case pending an appeal. In re Bauer, 112

Mo. 231. "The right of appeal does not exist except as a result of statutory enactment." State v. Brown, 153 Mo. 578; State v. Thayer, 158 Mo. 36.

VALLIANT, J.—A writ of *habeas corpus* issued out of this court on the petition of S. M. McAnally, directed to the sheriff of Bollinger county, commanding him to have the body of the petitioner, whom it was alleged the sheriff unlawfully held in prison, before the judges of this court to be dealt with as might be determined.

It appears from the sheriff's return that the petitioner was convicted of a misdemeanor in the circuit court of Bollinger county and sentenced to a fine of $300 and imprisonment for the term of four months in the county jail; that in due time he prayed an appeal from that judgment to the St. Louis Court of Appeals which was granted, and, under the direction and with the approval of the circuit court, he executed a bond with security conditioned in effect that he would prosecute his appeal and abide the judgment of the appellate court and render himself in execution as might be required. The appeal was duly prosecuted and is now pending in the St. Louis Court of Appeals. But notwithstanding the appeal and the bond, a commitment issued out of the circuit court, as in execution of the judgment, commanding the sheriff to take into custody and to imprison the petitioner in the county jail and in obedience to that writ the sheriff holds the prisoner.

I. The first point which the Attorney-General presents in his brief is that since the prisoner's case is pending in the Court of Appeals that was the proper court to which his petition should have been addressed, therefore, this court has no jurisdiction to hear his complaint.

This court is not, in this proceeding, going to hear the cause that is pending in the Court of Appeals; the only question we have is, can this man be lawfully held

in jail serving out his sentence while the Court of Appeals is deliberating on his case?

So far as the question of jurisdiction is involved, this court or any judge thereof has jurisdiction to issue a writ of habeas corpus in any case where any court of this State or judge thereof has jurisdiction to issue it.

We do not understand the proposition to be that we have no jurisdiction of this case in a strict sense of that term, but rather that this court will not ordinarily use its lawful power to take a case out of the hands of the Court of Appeals when that court has already taken hold of it and has lawful authority to dispose of it, and in that proposition the learned Law Officer is correct. Ordinarily under the circumstances above stated we would send the petitioner to the Court of Appeals or to the court under whose writ he is held. But in this case it was made to appear to us that neither the Court of Appeals nor the Circuit Court was in session, that no judge of either of those courts was within the reach of the petitioner and that unless the writ should come from this court the prisoner could not obtain a hearing until he had suffered a long imprisonment. Under such circumstances it was our duty to issue the writ and in doing so we have not invaded the realm of the Court of Appeals.

II. The main question in the case is, can the prisoner be lawfully held under the judgment of the circuit court when he has been by that court granted an appeal from that judgment, has given bond and security to answer with his body the result of that appeal, and is prosecuting it with due diligence in the appellate court?

On what theory the circuit court, after granting the appeal and taking the bond, directed or suffered the writ to issue under which the sheriff incarcerated the prisoner we do not quite understand. Section 2696, Revised Statutes 1899, gives a defendant the right of ap-

peal from a final judgment rendered upon an indictment, and this court in State v. Brown, 153 Mo. 578, construed that section to mean that an appeal was allowed only from a judgment rendered under an indictment, and that from a judgment under an information no appeal was given.   Under that interpretation of the statute one man might be convicted of a misdemeanor under an indictment and be entitled to an appeal, while another, in the same court on the same day, might be convicted under an information of a misdemeanor of precisely the same character and receive the same sentence, but would have no right of appeal.   In rendering that decision the court was constrained by the strict letter of the statute.   But afterwards in State v. Thayer, 158 Mo. 36, the court in an opinion by BRACE, J., reconsidered the question, and by putting that section along by the side of other sections of the criminal statutes concluded that the letter of that one section should give way to the spirit of the whole body, overruled State v. Brown, and held that an appeal would lie from a judgment under an information.

It being now conceded that an appeal lies from a judgment based on an information, it follows that the appeal taken from such judgment must be accorded all the force that would be given an appeal from a judgment founded on an indictment.

Section 2698, Revised Statutes 1899, declares that an appeal from a judgment in a criminal case shall operate as a stay of execution only when an order is made in the case, by the court or judge mentioned in the statute, expressly directing that the appeal shall operate as a stay.   Whether in this case the court made such an order does not expressly appear, but we infer that no such order was made.

Section 2702, Revised Statutes 1899, declares that in all cases of appeal from judgments in criminal cases, except where the penalty imposed by the judgment is death or imprisonment for life, any court or judge au-

thorized to grant an appeal may cause the defendant to be brought before such court or judge and admitted to bail.

Thus we see that by section 2698 the court or judge authorized to grant the appeal may on granting it order a stay of execution and by 2702 where no such stay has been ordered the court or judge may admit to bail on *habeas corpus*.

Here the circuit court did not order a stay of execution and did not bring the defendant before it on *habeas corpus,* but the defendant being before the court, the court did exactly what the statute authorized it to do if it had brought him in by *habeas corpus*. The defendant being then and there actually in the presence of the court and asking to be admitted to bail, the issuance of a writ to bring him in would have been a meaningless form. The bond which the court took from the prisoner is conditioned as section 2704 requires a bond should be conditioned in like case when the prisoner is admitted to bail and so the case is exactly as it would have been if the prisoner had been brought out of jail by a writ of *habeas corpus,* and admitted to bail by the circuit court.

*In re* Bauer, 112 Mo. 231, was a case very much like this one except that that was a felony case. The circuit court had granted the appeal but had not ordered a stay of execution, the defendant gave an appeal bond which the court approved and let him go, but he was afterwards arrested and delivered to the warden of the penitentiary.

It was in that case urged that the statute, section 4279, Revised Statutes 1889, now section 2698, Revised Statutes 1899, declared that the appeal should not operate to stay or delay the execution of the judgment unless the court granting the appeal should make an order expressly so directing. But this court in an opinion by GANTT, P. J., held that although the appeal alone without an order expressly directing a stay of execu-

tion did not suspend the judgment, yet the sections of the statute immediately following, authorizing the admitting of the appellant to bail did, when complied with, have that effect. And so we say in the case at bar, this man has been admitted to bail in compliance with the law and therefore his imprisonment is unlawful while the appeal is undisposed of in the Court of Appeals.

It is ordered that the petitioner be discharged from custody. All concur.