THE STATE v. WILLIAM SHORT, Appellant.

**Division Two, May 20, 1913.**

1. **APPEAL: Rule Governing Civil Cases Applicable to Criminal.** Appeals in criminal cases are governed by appellate procedure in civil cases, unless there exists some special provision in the criminal code prescribing a different rule. [Following State v. Pieski, 248 Mo. 715.]

2. ————: **When Perfected.** An appeal in a criminal case, as in a civil case, is not perfected until the appellant files with the clerk of the appellate court a complete transcript of the record proper and a certified copy of the bill of exceptions (unless the appeal is based on some error in the record proper), or, in lieu of such transcript, a copy of the judgment appealed from and a copy of the order granting the appeal.

3. ————: ————: **Within One Year: Not Regulated by Filing Bill of Exceptions.** Where the appeal was granted on October 31, 1911, and the bill of exceptions was approved and filed in the trial court on January 7, 1912, and the transcript was not filed in the appellate court until January 3, 1913, the appeal was not perfected within one year from the date it was granted, as required by Sec. 5313, R. S. 1909; and, the delay not having been shown to be the fault of the clerk, etc., the appeal is dismissed.

4. ――――: ――――: **Excuse.** If the appellant's failure to perfect his appeal within one year after it is granted is the fault of the clerk of the trial court in not preparing the transcript in a timely manner, or the fault of any person other than appellant or his attorneys, such fact might furnish a ground for overruling the motion to dismiss; but the burden is on appellant to show such excuse, and where there is no such showing it will be assumed that no such excuse exists.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing,* Judge.

·Appeal dismissed.

*John N. Raney* and *Adrian Steel* for appellant.

*John T. Barker,* Attorney-General, and *Ernest A. Green,* Assistant Attorney-General, for the State; *Stephen K. Owen,* of counsel.

On October 31, 1911, defendant filed his affidavit for and was duly granted an appeal to this court. He did not appeal as a poor person, but entered into an appeal bond and has been ever since continuously out on bond. The record proper further shows two orders granting time for the filing of a bill of exceptions, but it does not show when the bill of exceptions was filed or that it was ever duly filed. The bill of exceptions was, however, signed by the judge on January 7, 1912. On January 3, 1913, and more than one year after "the time the appeal was granted" and lacking only four days of being one year after the signing of the bill of exceptions herein, appellant perfected his appeal by filing a transcript of the record in the case with the clerk of this court. It thus appears that it was more than one year from the date the appeal was granted until the same was perfected, during all of which time appellant was out on bond and his bill of exceptions duly signed by the trial judge. Owing to the great lapse of time in perfecting this appeal and the plain mandate of the statute (Sec. 5313, R. S.

1909), we feel that justice can only be conserved and the policy of the law enforced by a dismissal of this appeal.   State v. Pieski, 248 Mo. 715.

BROWN, P. J.—Tried in the circuit court of Iron county for advising and procuring the casting of an illegal vote, as prohibited by section 4427, Revised Statutes 1909, defendant was convicted, and appeals from a judgment fixing his punishment at a fine of fifty dollars.

The Attorney-General has filed in this court his motion to dismiss the defendant's appeal on the ground that it was not perfected within one year from the date it was granted, as required by section 5313, Revised Statutes 1909.

The record before us shows that defendant's appeal was granted on October 31, 1911, and the bill of exceptions was filed and approved by the trial court on January 7, 1912, while the transcript was not filed with the clerk of this court until January 3, 1913, more than a year after the appeal was granted.

*Perfecting Appeal: Within One Year.*

While section 5313, Revised Statutes 1909, requires appeals in all felony cases except when the defendant has "been sentenced to suffer death," to be perfected in twelve months, it does not designate what acts are necessary to perfect such appeals.

In the recent case of State v. Pieski, 248 Mo. 715, we held that appeals in criminal cases are governed by the appellate procedure in civil cases, except where some special provision exists in the criminal code prescribing a different rule. This must necessarily be true for the reason that the right of appeal is wholly statutory, and there being no rule prescribed by the criminal code whereby we may determine when an appeal is perfected, the General Assembly must have intended that the laws governing appeals in civil and criminal cases should be construed *in pari materia.*

An appeal in a civil case is deemed perfected when the trial court makes the order granting the appeal, the docket fee is paid and a perfect transcript of the record and proceedings in the case is filed with the clerk of the appellate court, or in lieu of such complete transcript a certified copy of the judgment and the order granting the appeal is filed in such appellate court. [Sec. 2048, R. S. 1909.]

It follows that an appeal in a criminal case is not perfected until the appellant files with the clerk of the appellate court a complete transcript of the record proper, and also a certified copy of the bill of exceptions (unless the appeal is based upon some error in the record proper); or in lieu of such transcript a copy of the judgment appealed from, as well as a copy of the order granting the appeal. Neither of these things was done by the defendant in the case at bar within twelve months next following the granting of his appeal; therefore, his appeal was not perfected within the time expressly limited by the statute.

Of course, if the failure to perfect his appeal within the year granted him by law was the fault of the circuit clerk in not preparing the transcript in a timely manner, or the fault of any person other than the defendant or his attorneys, such fact might furnish ground for overruling the motion to dismiss, but the defendant files no brief in this case and makes no showing in opposition to the motion of the Attorney-General.

The motion to dismiss will be sustained and the appeal dismissed. It is so ordered. *Walker* and *Faris, JJ.,* concur.