## THE STATE v. JOHN CONNERS, Appellant.

### Division Two, May 26, 1914.

APPEAL: In Criminal Case: By Short Method. A defendant convicted of a felony does not perfect his appeal by filing a certified copy of the judgment and order granting the appeal. That short method is not available in criminal cases. In order to perfect an appeal in a criminal case in which a stay of execution has not been granted, it is necessary, within twelve months from the time the appeal is granted, to file with clerk of the Supreme Court a perfect transcript of the record and proceedings of the trial court, under the certificate of the clerk of said court; and if that is not done, the appeal will be dismissed.

Appeal from Hannibal Court of Common Pleas.—
*Hon. William T. Ragland*, Judge.

APPEAL DISMISSED.

*John T. Barker*, Attorney-General, and *Shrader P. Howell* for the State.

(1) When the appeal does not operate to stay the proceedings, the duty of filing a transcript in this court is cast upon the appellant. The punishment assessed against the defendant, namely, ten years imprisonment in the State Penitentiary, does not bring this case within that class which by virtue of the character of the sentence pronounced of itself operates to stay the execution of the judgment of the trial court. Nor is there any record entry showing that the trial court made "an order expressly directing that such appeal shall operate as a stay of proceedings on the judgment." Sec. 5294, R. S. 1909. It is shown by the record that the court fixed the amount of defendant's appeal bond, but there is nothing to indicate that such bond was ever made, filed or approved by the court below. In the absence of a stay of execution of the judgment of the trial court, it becomes the personal duty of the appellant to bring his transcript to this court. Secs. 5309, 2053, 2048, R. S. 1909; State v. Caldwell, 21 Mo. App. 645; Caldwell v. Hawkins, 46 Mo. 263; State v. Pieski, 248 Mo. 715; State v. Bridges, 177 Mo. 698; State v. Eding, 141 Mo. 281. (2) Appeals in criminal cases are governed by the appellate procedure in civil cases, in the absence of a special provision in the criminal code prescribing a different rule. Sec. 5309, R. S. 1909, provides that where there is no stay of execution the "transcript shall be made out, certified and returned, on the application of appellant, as in civil cases . . ." Referring then to the civil code for guidance, we find that under section

2048, Revised Statutes 1909, a civil appeal may be perfected either by filing "a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of judgment, order or decree appealed from in said cause, . . . together with the order granting the appeal, and shall thereafter, within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause . . ." The appellant in this case has elected to pursue the latter of the two avenues of approach to this court. Sec. 2048, R. S. 1909; State v. Short, 250 Mo. 333; State v. Pieski, 248 Mo. 715. (3) Where the docket fee has been paid, this court will render judgment upon the record brought here for its consideration. The appellant in the exercise of his right of selecting the manner of bringing his cause to this court has contented himself with presenting here merely the judgment entered by the trial court. Where the transcript in a criminal case has been duly filed in the appellate court, even in the absence of all matter of exception, it is provided in section 5312, Revised Statutes 1909, "that the court shall proceed upon the return thereof and render judgment upon the record before them." State v. Morgan, 243 Mo. 629; State v. Davidson, 73 Mo. 428. (4) The record entry of judgment filed here by appellant being in due form and regular in all respects, the finding of the trial court will be affirmed. Sec. 5312, R. S. 1909; State v. Dempsey, 168 Mo. App. 298; State v. Cowan, 146 Mo. App. 621; State v. Hensley, 73 S. W. 1007; State v. Armstrong, 46 Mo. 588; State v. Benton, 163 Mo. App. 39; Crutchfield v. Linville, 140 Mo. 191; Coleman v. Roberts, 214 Mo. 634.

WALKER, P. J.—At the January term, 1912, of the Hannibal Court of Common Pleas, appellant was convicted of burglary and larceny and his punishment

assessed at ten years' imprisonment in the peniten-
tiary, where he is now undergoing punishment; on the
same day on which the judgment was rendered he
applied for and was granted an appeal to this court;
in April, 1912, he filed herein a short form of transcript
containing, as is required by the statute, a certified
copy of the record entry of the judgment and the order
granting the appeal.

If, in reviewing this case, we proceed in conformity
with the provisions of section 5312, Revised Statutes
1909, without regarding other appropriate sections of
the law in regard to appeals, and render
judgment upon the record before us, we
find nothing upon which a substantial
ground of error can be based; but under
a correct interpretation of our laws of criminal pro-
cedure an appeal is not perfected simply upon the filing
of a short form of transcript here, and we may say
in passing that any benefit sought to be derived by
an appellant in a criminal case from the filing of the
short form in the appellate court, is negligible, even
if something more was not necessary to perfect the
appeal, because nothing is thereby submitted for re-
view except two record entries.

In all criminal cases in which a stay of execution
has not been granted (Sec. 5294, R. S. 1909) and none
was granted in this case, the appellant (Sec. 5309,
R. S. 1909) shall cause to be made out, certified and
returned to this court, a transcript, as in civil cases
(State v. Pieski, 248 Mo. 715; State v. Short, 250 Mo.
331) except that the costs of same shall not be required
in advance; this shall be done (Sec. 5313, R. S. 1909)
within twelve months from the time the appeal is
granted. In order to perfect an appeal in a criminal
case as required by the statute in civil cases (Sec. 2048,
R. S. 1909) it is, therefore, necessary, within the one
year above referred to, to file in the office of the clerk
of this court a perfect transcript of the record and

*Margin note:* Appeal in Criminal Case: By Short Method.

proceedings of the trial court, under the certificate of the clerk of such court (Sec. 5308 and 5309, R. S. 1909).

Notwithstanding the fact that more than two years have elapsed since the appeal was granted in this case, the appellant has taken no steps to perfect same other than the filing here of the short form of transcript; this, as we have shown, will not suffice.

If precedents were needed to sustain the interpretation here given the statutes referred to, they may be found in the Pieski and Short cases, supra, and in State v. Leibtig, 253 Mo. 439, and State v. Wade, 253 Mo. 345.

From the foregoing it follows that the appeal in this cause should be dismissed, and it is so ordered.

*Brown* and *Faris, JJ.,* concur.