STATE OF MISSOURI, Respondent, v. J. J. CHILTON, Appellant.

Springfield Court of Appeals, February 6, 1918.

1. **CRIMINAL LAW: Appeal: Record: Requisites.** Revised Statutes 1909, sec. 2048, providing for the short form of appeal, is not wholly applicable to criminal case, and to perfect an appeal, one convicted of a misdemeanor must file a perfect transcript as required by sections 5308 and 5309, and a printed abstract is insufficient.

2. **BAIL: Appeal: Release on Bond.** One convicted of a misdemeanor who gives his appeal bond is entitled to his liberty on the bond.

3. **CRIMINAL LAW: Appeal: Record: Requisites.** A defendant in a criminal case on appeal need not file a certified copy of the judgment or sentence and the order granting the appeal, but should first prepare and file his bill of exceptions and then direct certification by the clerk of a complete transcript.

4. ——: ——: Misdemeanor Cases. Revised Statutes 1909, sec. 5313, as to appeals in felony cases, does not apply in misdemeanor cases in which the appeal is returnable as in a civil case under section 2047, making the appeal taken sixty days before the term returnable at the next term, and, if taken a shorter time before the next term, at the second term.

5. ———: ———: **Record: Requisites.** There being no law prohibiting an appellant in a misdemeanor prosecution from filing a certified copy of the judgment and order granting appeal, he may do so, and may abstract the record, but the preparation of such a record does not relieve him of filing a complete long-form transcript.

Appeal from Carter County Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*L. O. Nieder* for appellant.

BRADLEY, J.—The prosecuting attorney of Carter county filed before a justice of the peace an information against defendant charging him with disturbing the peace of an individual. Not content with the outcome before the justice, defendant appealed to the circuit court; and there, upon trial before the court and a jury, he was found guilty as charged and his punishment fixed at a fine of one dollar. From this defendant sought to appeal to this court.

At the threshold of the merits we are confronted with this condition: Appellant has undertaken to bring his cause to this court by what is generally designated the short form appeal under section 2048, Revised Statutes 1909, which is not wholly applicable to criminal cases. [State v. Conners, 258 Mo. 330, 167 S. W. 429; State v. McHenry, 188 S. W. (Mo.) 187; Golden City v. Hall, 68 Mo. App. 627; State v. Faith, 180 Mo. App. 484; 166 S. W. 649; State v. Jones, 198 S. W. (Mo. App.) 421.] Appellant was tried below on April 9, 1917, and on May 23d, there was filed in this court a certified copy of the proceedings an order granting appeal as designated by the clerk in his certificate. This certified copy shows the court, the term, the date, the judgment; and recites the fact that motions for a new trial, and in arrest were filed and overruled; and that appeal was granted, and bond taken and approved in

State v. Chilton.

open court. It does not recite that any bill of exceptions was ever filed, nor does it contain a copy of the information upon which defendant was tried. Appellant on October 9, 1917, filed in this court a printed abstract of the record, which shows nothing of the record proper except the information, and a recital that defendant was convicted below, fined one dollar, and appealed. Then follows in the printed abstract what is captioned "bill of exceptions," in which the evidence is set out in narrative form for the most part, and in the main such as a bill of exceptions is in a civil case. After the signature of the trial judge this appears: "Bill of exceptions filed July 26, 1917, W. J. Burrows, Circuit Clerk." This record would be sufficient under our rules in a civil case. [Walls v. Tinsley, 187 Mo. App. 462, 173 S. W. 19.] We are. not inclined to let mere technicalities control; but when a statute commands, it is not technical to observe. To disregard it is usurpation and violative of official duty. In State v.Faith, supra, this court said: "A reading of sections 5308 and 5309, Revised Statutes 1909, providing for appeals in criminal cases shows that an appeal in a criminal case can only be brought to this court by a full transcript of the record, certified by the clerk of the trial court. We cannot, therefore, review this case and pass on the alleged errors on the printed abstract of the record."

In State v. Connors, supra, it is held that in order to perfect an appeal in a criminal case as required by section 2048, Revised Statutes 1909, it is necessary within one year (there the Supreme Court was speaking of a felony) to file in the office of the clerk of the appellate court a *perfect transcript* of the record and proceedings of the trial court *under* the *certificate* of the clerk. This clearly precludes the appellate court from considering as the record a printed abstract, because it lacks the verity imported by the certificate of the clerk, and it is not a complete or perfect transcript as required by the statute. [Sec. 5309.] In

State v. McHenry, 188 S. W. (Mo.) 187, the Supreme Court of this State held it to be personally incumbent upon the accused when appellant in a criminal case, other than convictions which automatically suspend execution, within the time allowed for perfecting the appeal to file with the clerk of the appellate court a full transcript as provided by section 5309, supra. There the court said: "We held that the filing of a short form transcript is neither contemplated by statute nor permitted to be done in a criminal case," citing State v. Short, 250 Mo. 331, 157 S. W. 306. In State v. Pieski, 248 Mo. l. c. 718, 154 S. W. 747, the court said: "Upon the appellant in the case at bar, as upon a civil appellant, the statute placed the duty of causing to be filed in the office of the proper appellate court a perfect transcript. This duty of initiative is not placed on the clerk of the lower court, but it is saddled by statute upon the appellant, except in appeals in convictions for capital offenses, when such latter clerks acts of his own volition by statutory mandate. In other words, while the clerk is required to act, in acting he does so upon the request and at the direction of the appellant. Nor does section 2053, Revised Statutes 1909, when carefully read, militate against this view. Appellant must not only himself see that his transcript is transmitted to and filed in the office of the appellate court, but it is his duty to see that it is filed and entered on the docket in the proper manner." The appellant in a criminal case must walk in the footprints as above stated of a civil appellant in causing to be filed in the time allowed, in the office of the proper appellate court a perfect transcript of his record, and this cannot be done by filing a printed abstract thereof. We apprehend, though it is not our province to say, that since the Act of the 1917 (Laws 1917, p. 246) abolishing capital punishment in this State that there is now no appeal in a criminal case wherein the defendant would fall under the provisions of section 5308, and might therefore rely upon the clerk to see

that this transcript was sent up in accordance with the provisions of that section. Under section 5294, Revised Statutes 1909, the trial court might make an order that the appeal would operate as a stay. When the appellant gives an appeal bond as in the instant case he is of course entitled to his liberty on the bond (Ex Parte McAnally, 199 Mo. 512, 97 S. W. 921), but there it is the bond that operates in the nature of a stay. A defendant in a criminal case appealing to this court need not file here as in a civil case a certified copy of the judgment or sentence and order granting the appeal in the first instance, but should first prepare and file his bill of exceptions, and then direct the clerk to certify up a complete transcript of the proceedings, which of course will include the record proper and a perfect copy of the bill of exceptions. It might be well to note here that section 5313, Revised Statutes 1909, which gives the defendant one year to perfect his appeal in a felony does not cover misdemeanor appeals, and therefore an appeal here in a criminal case is returnable as in a civil case. That is, if the appeal is taken sixty days before the next term of this court then the appeal is returnable to our next term, if taken less than sixty days before our next term, then the appeal is returnable to our second term thereafter. [Sec. 2047, R. S. 1909.] Since, however, the complete transcript to be filed here includes the bill of exceptions the granting of further time to file the bill of exceptions may postpone the return term of the appeal until after such bill is filed. There is no rule or law however prohibiting an appellant in a misdemeanor conviction from filing here a certified copy of the judgment and order granting the appeal as in a civil case, but if this be done it should be followed by a full transcript of the record proper and bill of exception certified by the clerk. Indeed the appellant may abstract the record if he desires, and file same with his printed brief, which frequently is done to particularly call the court's attention to matters which appellant considers most

important, but it should not be overlooked that there must be filed here a complete transcript (long form) and this must be certified to by the clerk of the trial court. The purpose of the statute (section 5309, R. S. 1909) regulating appeals in criminal cases is to safeguard the rights of the accused to the end that there will be no short cuts taken to deprive him of his liberty or of his property; and to avoid the possibility of collusion which might affect his rights as an accused. But the accused must see that his appeal is in accordance with the law safeguarding it. On the other hand the State (the public) is a party in a criminal case, and lest there might be some short cut taken by the accused whereby the full record is not brought up, the Legislature has prescribed that the whole record shall be brought up to the end that all the evidence, and all the proceedings had in the trial court may be before the appellate court.

We have discussed appeals in criminal cases somewhat at length in the hope that hereafter appellants in criminal causes will not overlook the distinction between a short form civil appeal, and an appeal in a criminal case. We are not unmindful of the duty devolving upon this court, in criminal cases, transcript of the record having been filed, to examine the same for error, regardless of statements, briefs, etc. [Sec. 5312, R. S. 1909; State v. Faith, 180 Mo. App. 1. c. 494, 166 S. W. 649; State v. Miles, 174 Mo. App. 181, 156 S. W. 578; State v. Jones, supra.] Responding to this duty we have carefully examined all of the record in this cause that is before us and find no error therein. It follows therefore that the judgment below should be affirmed; and it is so ordered. *Sturgis, P. J.,* and *Farrington, J.,* concur.