STATE OF MISSOURI, Respondent, v. HENRY CARR, Appellant.*

St. Louis Court of Appeals.   Opinion Filed February 3, 1925.

1.   **APPEALS: Criminal Appeals: Failure to Perfect: Dismissals: Rule in Supreme Court.** In the Supreme Court, in criminal cases, where an appeal is not perfected within the required time, the State may

there, through the attorney general, move that such appeal be dismissed, in view of section 4107, Revised Statutes 1919.

2. ——: ——: ——: Misdemeanors: Trial Court has Power to Dismiss Appeals not Perfected in Time. Under section 4108, Revised Statutes 1919, the trial court has the power, and it is its duty, to dismiss appeals in misdemeanor cases, when same are not perfected within six months, unless good cause for not doing so is shown.

3. ——: ——: ——: ——: Prosecuting Attorneys: Duty to Move Dismissal of Appeal in Court Where Defendant Was Convicted. Under section 4108, Revised Statutes 1919, it is the State's duty, through the prosecuting attorney, to move a dismissal of an appeal in the court wherein the defendant has been convicted, if same has not been perfected within six months, and then the trial court may determine whether good cause has been shown for the delay.

4. ——: ——: ——: ——: Motion to Dismiss Appeal: Lies in Trial Court Only When Appellant Has Taken No Timely Steps to Perfect Appeal. Under section 4108, Revised Statutes 1919, a motion to dismiss an appeal in misdemeanor cases will lie in the lower court only, if at the end of six months' time from the granting of the appeal, the appellant has taken no steps whatsoever towards perfecting such appeal and no transcript has been prepared and certified and forwarded to the appellate court.

5. ——: ——: ——: ——: Appellate Practice: Dismissal of Criminal Appeals: Rule Stated. Where the prosecuting attorney has failed to take steps to have an appeal dismissed in the lower court before the transcript is certified by the clerk of the lower court for transmission to the appellate court, a motion to dismiss in the appellate court will not be allowed unless it appears that after the transcript has been certified in the lower court there has been some inexcusable delay on the part of the appellant, or his counsel, in having the transcript properly filed in the appellate court.

6. ——: ——: ——: ——: State Failing to Take Steps to Cause Dismissal in Trial Court: Presumptions: Waiver. Where the State, through its law officer, fails to take steps to cause dismissal of an appeal in misdemeanor cases in the lower court before transcript is certified by the clerk of the lower court, it must be presumed to have waived the delay in perfecting the appeal below.

7. ——: ——: ——: ——: Appellate Practice: Delay in Perfecting Appeals: Conclusions of Appellate Court. The appellate court will conclude where the State moves to dismiss an appeal in a misdemeanor case in which the transcript after time is sent to the appellate court, because not perfected within the required time, that

216 M. A.—28

State v. Carr.

the delay before the certification of the transcript was soundly allowed by circumstances.

8. ———: ———: ———: ———: ———: Certified Transcript Taking Case Out of Trial Court: Failure to Perfect Appeal in Appellate Court: Power to Dismiss. Where steps are taken by the defendant in a misdemeanor case to take the case out of the lower court, by securing a certified transcript, and there yet is a failure to perfect and complete the appeal in the appellate court, then the power to dismiss the appeal case comes to the appellate court.

9. ———: ———: ———: ———: Incompleted Appeal: Power to Dismiss. Power to dismiss an incompleted appeal always rests somewhere.

10. ———: ———: ———: ———: Certified Transcript Transmitted to Appellate Court: Trial Court Without Power to Dismiss Appeal. The circuit court cannot dismiss an appeal in a misdemeanor case where the transcript has actually been certified and transmitted to the appellate court, although same has been consummated after the expiration of the time allowed by law.

11. ———: ———: Misdemeanors: Time for Taking Appeals: Statute. Section 4108, Revised Statutes 1919, relating to dismissal of appeals in misdemeanor cases, does not require appeals to be taken within six months, but upon failure to perfect within that time, the prosecuting attorney may file his motion in the trial court to dismiss the appeal.

12. ———: ———: ———: Review of Record Proper: Requires Complete Transcript Thereof. Where an appeal is brought to review the record proper only, there should be a complete transcript of the record proper, and not merely a certified copy of the judgment and order granting the appeal.

13. ———: ———: ———: Bill of Exceptions: Should be Embodied in Transcript and Certified as Complete Record. In all appeals in criminal cases where the appeal is brought to review the entire case, the bill of exceptions should be embodied in the transcript itself and certified as a complete transcript.

14. ———: ———: ———: ———: Not Contained in Transcript: Appellate Court Required to Examine Record Proper. In all criminal cases, even if the bill of exceptions is not so contained, the appellate court is by statute required to examine the record proper and determine therefrom whether reversible error is manifest.

15. ———: ———: ———: Deficient Transcript: Record Proper Not Before Appellate Court: Dismissal of Appeal. Whether the trans-

State v. Carr.

cript in a misdemeanor case is sufficiently complete to present for review the record proper must be determined by the appellate court in each particular case, and if the transcript is so deficient as not even bringing the record proper before the appellate court, the appeal will be dismissed.

16. ———: ———: **Transcript Lodged With Clerk of Appellate Court: Docket Fee Not Paid: Effect.** The mere lodging of a transcript with the clerk of the Court of Appeals does not itself constitute a filing, if a statutory condition precedent remains to be performed.

17. ———: ———: ———: ———: **On Motion of State Appeal Dismissed.** An appeal from a conviction for a misdemeanor will be dismissed by the appellate court where the docket fee, as required by section 10993, Revised Statutes 1919, was not paid or tendered by defendant, or his counsel, for him, after the transcript was lodged in the appellate court and no excuse was offered for such failure.

---

*Headnote 1. Criminal Law, 17 C. J., section 3508; 2. Criminal Law, 17 C. J., section 3507; 3. Criminal Law, 17 C. J., section 3508; 4. Criminal Law, 17 C. J., section 3517; 5. Criminal Law, 17 C. J., section 3511 (1926 Anno); 6. Criminal Law, 17 C. J., section 3519 (1926 Anno); 7. Criminal Law, 17 C. J., section 3573; 8. Criminal Law, 17 C. J., section 3511; 9. Criminal Law, 17 C. J., section 3511; 10 Criminal Law, 17 C. J., section 3508 (1926 Anno); 11. Criminal Law, 17 C. J., section 3362; 12. Criminal Law, 17 C. J., section 3440; 13. Criminal Law, 17 C. J., section 3440 (1926 Anno); 14. Criminal Law, 17 C. J., section 3458 (1926 Anno); 15. Criminal Law, 17 C. J., section 3458; 16. Criminal Law, 17 C. J., section 3442; 17. Criminal Law, 17 C. J., section 3368.

Appeal from the Circuit Court of Marion County.—*Hon. Charles T. Hays,* Judge.

APPEAL DISMISSED.

*Lewis O'Connor* and *E. W. Nelson* for appellant.

*Roy Hamlin* and *Ben Ely, Jr.* for the State.

## ON MOTION TO DISMISS APPEAL.

DAUES, P. J.—This is a criminal prosecution in which the defendant was convicted of a misdemeanor on

an information charging unlawful possession of liquor. Judgment was entered November 1, 1923. On the same day an appeal was granted, and defendant filed an appeal bond. This was during the October term of the Circuit Court of Marion county, and defendant was given time to file bill of exceptions during the following (February) term of that court. No bill of exceptions, it appears, was ever filed. On May 1, 1924, appellant caused to be lodged in this court a transcript of the proceedings, absent the bill of exceptions. The clerk of the lower court advised that he was transmitting such transcript without the docket fee having been deposited in that court. No docket fee has since been deposited in this court by appellant, and the case has remained in that condition until January 9, 1925, when the States Attorney filed a motion for dismissal of the appeal on the grounds, first, that appellant has failed and neglected to perfect his appeal, as provided by law, within six months after said appeal was allowed by the Circuit Court of Marion county, and, secondly, that appellant has at no time within the period of one year from the date of said appeal deposited the necessary filing fee for said appeal to this court.

Confusion has arisen as to whether a dismissal for failure to appeal within six months may be had in this court, or whether it is necessary to follow the statute literally and secure such dismissal in the lower court.

We have examined this question in the light of briefs filed by the States Attorney of Marion county, as aided by the brief of the Prosecuting Attorney of St. Louis, as *amicus curiæ*. Since there are a number of cases here presenting this question, each on a different state of facts, we shall attempt to analyze the whole question of appeals in criminal cases (misdemeanors) to this court, and what is deemed necessary to perfect an appeal in such cases, and what remedies are available to the State to effect dismissal in the event there is a failure to prosecute the appeal as required by law.

At the outset, it has been pointed out several times by the Supreme Court and by the different Courts of Appeals what is necessary to perfect an appeal in a criminal case. In State v. Conners, 258 Mo. 330, 167 S. W. 429, it is decided that a defendant convicted of a crime (a felony in that case), does not perfect his appeal by merely filing a certified copy of the judgment and order granting the appeal. The Supreme Court there points out that the so-called "short method" is not available in a criminal case, and that it is necessary to file with the clerk of the Supreme Court a perfect transcript of the record and proceedings of the trial court, under the certificate of the clerk of the court, within twelve months from the time the appeal is granted, and that if this is not done the appeal will be dismissed.

In State v. Chilton, 200 S. W. 745, the Springfield Court of Appeals has pointed out, line for line, what is necessary to be done in perfecting an appeal in a misdemeanor case.

In State v. Short, 250 Mo. 331, 157 S. W. 306, the Supreme Court again said that an appeal in a criminal case is not perfected until the appellant has filed with the clerk of the Appellate Court a complete transcript of the record proper, and also a certified copy of the bill of exceptions, unless the appeal is based upon some error in the record proper. In the Short case it was decided that if the appellant's failure to perfect his appeal within one year after same is granted is the fault of the clerk of the trial court in failing to prepare the transcript in timely manner, or is the fault of any person other than appellant or his attorneys, that then such fact might furnish the ground for overruling the motion to dismiss, but that the burden is on appellant to show such excuse.

However, a different situation exists in dismissing appeals in misdemeanor cases. In the Supreme Court, where an appeal is not perfected within the required time, the State may there, through the Attorney General, move that such appeal be dismissed. This is so by reason of statute, section 4107, Revised Statutes 1919;

whereas, in misdemeanor cases, we have a statute which reads as follows· (sec. 4108, Revised Statutes 1919):

"If any person taking an appeal from the circuit court, criminal court or court of criminal correction on a conviction for a misdemeanor, shall fail to perfect the appeal within six months from the time the appeal is granted, the prosecuting attorney may file his motion be· fore the court in which the conviction was had, asking that the appeal may be dismissed and the order granting the appeal be set aside; whereupon the court shall make an order that the appeal be dismissed and the order granting the appeal be set aside and for naught held, unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal, in which case the court may overrule the motion, and from the date of making such order dismissing the appeal, the judgment shall be and remain in force the same as if no appeal had been granted."

The question then comes up whether in every instance where the appeal has not been perfected to this court within the specified time of six months, the dismissal of the appeal should be secured in the lower court. The trial courts, it seems, have hesitated to entertain a motion to dismiss an appeal in misdemeanor cases after an appeal has been granted; that is to say, after the order is made granting the appeal, upon the theory that the lower court no longer possessed any jurisdiction in the case, save and only to approve the bill of exceptions. We have reached the view that the above statute, necessarily, must be followed in misdemeanor cases. The trial court has the undoubted power, and it is its duty, to dismiss appeals in misdemeanor cases when same are not perfected within six months, unless good cause for not doing so is shown. The reason for this legislation is manifest. The trial judge is in a better position to determine whether there has been good reason for not complying with the statute exacting the perfection of the appeal within six months. It is the State's duty, through the prosecuting attorney, to move a dismissal of the appeal

in the court wherein the defendant has been convicted, if same has not been perfected within six months, and then the trial court will determine whether good cause has been shown for the delay.

However, the situation arises where the prosecuting attorney fails to take advantage of the State's rights under this statute, and files no motion in the lower court to dismiss the appeal, but files such motion here. This may involve several possible state of facts upon which such motion may be based. If, for instance, at the end of six months' time from the granting of the appeal, the appellant has taken no steps whatsoever towards perfecting such appeal, no transcript having been prepared and certified and forwarded to this court, then, of course, in such case the motion cannot properly come here, but same will lie in the lower court only. Another state of facts may appear where, after the time required by law, the transcript containing, or not containing, the bill of exceptions is filed here, and the prosecuting attorney seeks to have the appeal dismissed in this court. It is our view that if the prosecuting attorney has failed to take steps to have the appeal dismissed in the lower court before the transcript is certified by the clerk of the lower court for transmission to this court, we will not allow a motion to dismiss in this court unless it appears that after the transcript has been certified in the lower there has been some inexcusable delay on the part of the appellant, or his counsel, in having the transcript properly filed in this court. The State, through its law officer, is held to vigil on the State's rights, and having failed to take steps to cause dismissal below must be presumed to have waived the delay in perfecting the appeal below. Up to that point we will conclude that the delay was soundly allowed by circumstances, but not so after the transcript is certified by the clerk of the lower court.

Again, we have the situation as is presented upon this record, in which the transcript, after time, is sent to this court, without the docket fee having been paid, to have same docketed. We will discuss this situation later.

It becomes very apparent that if the prosecuting attorney, after six months and before one year after conviction, seeks to have an appeal dismissed and is successful, the defendant may still under our statute and the common law sue out a writ of error. So, in practical effect, the defendant, if he sees fit to avail himself of every legal right, has one whole year and a day within which to perfect steps to secure a review of his conviction in the higher court. If the steps taken by the defendant takes the case out of the lower court, by securing a certified transcript, and there yet is a failure to perfect and complete the appeal here, then the power to dismiss comes here. The power to dismiss an incompleted appeal always rests somewhere. It will be observed that the statute reads that the prosecuting attorney "may" file his motion in the lower court. This does not, we think, make that remedy exclusive under all circumstances. When such a case on appeal is lodged in this court so that same may be said to be before us, then we possess the jural power to dismiss the appeal if the law has not been complied with. The Circuit Court cannot dismiss an appeal in a case where the transcript has actually been certified and transmitted to this court, although same has been consummated after the expiration of the time allowed by law. After the transcript, perfect or imperfect, has actually been filed in the Appellate Court, then the right of the trial court to act ceases to exist. That being so, if the right to dismiss an appeal for imperfection could not be reached under such circumstances in the Appellate Court, then the State would be cut off of all right to have such appeal dismissed. Strictly speaking, the statute does not require appeals to be taken within six months, but upon failure to perfect within that time, the prosecuting attorney may file his motion in the trial court to dismiss the appeal.

As already pointed out, the so-called "short form" method of appeal does not obtain in criminal cases. If, however, the appeal is brought to review the record proper only, there should be a complete transcript of the

record proper and not merely a certified copy of the judgment and order granting the appeal. In all other cases the bill of exceptions should be embodied in the transcript itself and certified as a complete transcript. In all cases, even if the bill of exceptions is not so contained, we are by statute required to examine the record proper and determine therefrom whether reversible error is manifest. [See State v. Keller, 263 S. W. 171.] Whether the transcript is sufficiently complete to present for review the record proper, must be determined by us in each particular case, and if the transcript is so deficient as not even bringing the record proper before us, we will dismiss the appeal.

The Courts of Appeals in this State have not been entirely uniform in disposing of the question here discussed. This will be seen from the following cases: State v. Bailey, 192 Mo. App. 391, 181 S. W. 605; State v. Kitchen, 216 S. W. 918; State v. Ross, 200 S. W. 730; State v. Chilton, 200 S. W. 745; State v. Nardini, 186 S. W. 567; State v. Williams & Adams, 202 Mo. App. 536, 208 S. W. 283; State v. Hall, 250 S. W. 636.

The Williams case, supra, after disapproving some matters decided in State v. Bailey, State v. Ross and State v. Chilton, supra, committed that court to the proposition that a misdemeanor appeal is not returnable as a civil appeal, and that the appeal in such case is not perfected until the appellant has filed in the Appellate Court a full and complete transcript, unless the appeal is based on some error appearing in the record proper. In that case, the court, in discussing whether the prosecuting attorney is compelled to file a motion in the lower court to cause a dismissal of an appeal taken out of time, says: "We see no reason why a similar motion may not be filed here after the transcript is lodged in this court."

In State v. Hall, supra, the Kansas City Court of Appeals expresses the view that an appeal to dismiss must be filed in the lower court. The Williams case holds that such motion may be entertained in the Appellate Court "after the transcript is lodged in this court."

In the instant case, appellant caused the clerk of the lower court to lodge a transcript in this court more than a year after the appeal was taken. Since that time, May 1, 1924, no steps have been taken by appellant to have the case docketed or brought to the consideration of this court. Appellant has not deposited with the clerk the ten dollar filing fee, as required by section 10993, Revised Statutes 1919. This section has been construed by the Supreme Court to be applicable to criminal cases. In State v. Pieski, 248 Mo. 715, 154 S. W. 747, it is held that the appellant in a criminal case must not only himself see that his transcript is transmitted to and filed in the office of the clerk of the Appellate Court, but he must also see that it is filed and entered on the docket in the proper manner. Further, that appellant not prosecuting the appeal as a poor person, must within one year (felony cases) after the appeal has been granted "pay or tender to the clerk of the Supreme Court the fee of ten dollars" required by section 10697, Revised Statutes 1909, now section 10993, Revised Statutes 1919. It is there held also that the timely filing of the bill of exceptions in the trial court and the certification of the transcript by the clerk and the lodging of same with the clerk of the Supreme Court are not enough, but he must perfect his appeal by the payment or tender of said filing fee, or show good cause for the delay. The mere lodging of the transcript with the clerk does not of itself constitute a filing if a statutory condition precedent remains to be performed, and the failure to so comply is ground for dismissal in the Supreme Court. The Pieski case is many times cited approvingly in later cases of the Supreme Court. If, after the transcript is sent up, same is allowed to remain here undocketed and for that reason is never submitted, it is easy to see what an intolerable situation would arise. It would afford a convicted person an easy opportunity to defeat the cause of justice.

The docket fee in the instant case not having been paid or tendered by appellant, or his counsel for him, since the transcript was lodged here May 1, 1924, and no

excuse having been offered for such failure, it follows that the motion of the State is well taken as to this ground, and the appeal therefore should be dismissed. It is so ordered. *Becker* and *Nipper, JJ.*, concur.