STATE OF MISSOURI, RESPONDENT, v. JOHN HENRY HAYES, APPELLANT.

Kansas City Court of Appeals. April 7, 1930.

*Roy McKittrick* for appellant.

*Ray Crow* for respondent.

BARNETT, C.—Defendant was convicted of the unlawful possession of intoxicating liquor and has appealed. The evidence most favorable to the State was to the effect that defendant operated a barber shop in Salisbury, Missouri. Two officers went to the shop for the purpose of executing a search warrant and one asked: "Where's John?" referring to the defendant. The defendant came out of the bathroom and was informed that the officers had a search warrant. He waived the reading of the warrant and told them to proceed with the search. One of the officers started to go in the bathroom of the barber shop, at which time a man wearing

an overcoat came out of the bathroom and left the shop. The officer found a bottle containing whiskey in the pocket of a coat that was hanging in the bathroom. The officer testified that the coat was too small for defendant and that the sleeves were too short. The defendant denied ownership of the coat and denied any knowledge that the whiskey was in the bathroom.

## OPINION.

Both the appellant and the respondent rely on the case of State v. Parks, 13 S. W. (2d) 1107, decided by this court. In that case we said:

"One in possession of a building, either as owner or lessee, is also presumed to be in possession of everything contained within the building. Therefore, the discovery of liquor within a building is proof of the possession of the liquor by the one in possession of the building."

However, in the same case we also said that the commission of a crime may be established by circumstantial evidence, but to do so two things are necessary. First, the circumstances must be inconsistent with any theory of innocence of the crime charged; second, the circumstances must not be so far removed from the ultimate facts to be established that it becomes necessary for the jury to draw one inference from another. It has been held that if liquor or the implements for the manufacture thereof are found upon that part of a defendant's farm so far removed from his residence that the actual location is not within the immediate domination and actual control of the defendant, then the technical possession of the farm does not give rise to the presumption that defendant was in possession of the liquor or implements. [State v. Mohr, 289 S. W. 554.] Nor is there any presumption that contraband in an uninhabited building is under the control of the owner of the premises. [State v. Kurtz, 286 S. W. 135.] In State v. Heilman, 246 S. W. 622, this court sustained a conviction supported by evidence that liquor was found in defendant's public garage and repair shop. The liquor consisted of four quarts of whiskey which was in a grip, hidden under an automobile curtain. Under this curtain were a number of empty bottles and jugs each of which contained a few drops of whiskey. They were behind some automobiles so that to get to the place where the liquor was hidden one had to either climb over the automobiles or go the full length of the shop. Defendant admitted that he had exclusive possession of the garage and that he had brought the empty bottles and jugs into the shop and placed them where they were found by the sheriff.

When liquor is found in places to which the public has free access the rule that possession of the premises raises a presumption of possession of everything found therein is necessarily subject to exceptions. In the case of State v. Heilman, supra, the liquor was

found in the defendant's place of business to which his patrons had access. The court did not hold that a case was made for the jury simply because the liquor was found in the defendant's building. There were circumstances and admissions which excluded the probability that the liquor had been hidden there by strangers. In this case, if the liquor had been discovered back of or surrounded by the toilet articles which were kept for the use of the barber, or in a locked room, or in a drawer where he kept his linens, we would not hesitate to hold that a case was made for the jury; because the circumstances would indicate that the particular place where the liquor was found was under the exclusive control of the defendant, notwithstanding the fact that portions of the barber shop were open to the public. On the other hand, no one would seriously contend that the Terminal Railway Company could be convicted of the possession of liquor upon the bare evidence that liquor was found in the lobby of Union Station in Kansas City; nor that a hotel keeper could be convicted upon the mere evidence that a bottle of liquor was found in the wash room of the hotel, or in one of the bed rooms that was let to or had just been vacated by a guest. In such cases the owner or lessee of the building has a technical possession, but he does not have actual exclusive control. The court has judicial knowledge that the bathroom in a barber shop is maintained for the benefit of patrons and that the patrons are expected to and do temporarily exclude others, including the proprietor, from intrusion. It is a place of which the proprietor has technical possession and the right of control, but the nature of the business is such that he cannot exercise actual and uninterrupted control. Therefore, to permit the defendant to be convicted because a bottle of whiskey was found in the bathroom of his barber shop in the pocket of a coat which evidently did not belong to him would be to permit a conviction upon circumstantial evidence which is equally consistent with guilt and innocence. It is not at all improbable that the defendant kept whiskey in the pocket of the coat that hung in the bathroom; but it is equally probable that it was placed there by the man who so suddenly made his departure, when the officers entered. It could have been placed there by any patron of the shop who had been in the bathroom. If the defendant did own the whiskey, he certainly took very slight precautions to preserve it for his own purposes; because it was accessible to all the patrons of the shop and was not where he could protect his possession by keeping it within his view. We are therefore of the opinion that there was no substantial evidence to sustain the verdict.

The State has filed a motion to dismiss this appeal on the ground that the appeal was not perfected within the time required by statute. Section 4108, Revised Statutes 1919, provides that if any person taking an appeal from the circuit court on a conviction for a mis-

demeanor, shall fail to presecute the appeal within six months from the time the appeal is granted, the prosecuting attorney may file his motion before the court in which the conviction is had, asking that the appeal may be dismissed and the order granting the appeal be set aside; whereupon the court shall make an order that the appeal be dismissed and the order granting the appeal be set aside, unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal, in which case the court may overrule the motion. This statute requires the motion to dismiss to be filed before the court in which the conviction was had. This was not done. When the motion is filed in the trial court the defendant is entitled to show cause, if any he has, why the appeal should not be dismissed. It follows that if the prosecuting attorney fails to file his motion in the trial court the delay in prosecuting the appeal is waived. [State v. Carr, 270 S. W. 121.]

The judgment of conviction should be reversed and the defendant discharged. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of BARNETT, C., is adopted by the court. The judgment of conviction is reversed and the defendant discharged. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.