STATE OF MISSOURI, RESPONDENT, v. FRED MIXER, APPELLANT.*—30 S. W. (2d) 773.

Springfield Court of Appeals. August 25, 1930.

*Hallett & Hallett* for appellant.

*S. E. Osbourne,* Prosecuting Attorney, and *Allen & Allen* for respondent.

COX, P. J.—The ground on which this appeal is dismissed is that the charge is a misdemeanor and the appeal was not perfected within six months. The history of the proceedings in this case is as follows: The defendant was tried in Cedar County upon a charge of libel and a verdict rendered against him November 16, 1927. A motion for new trial was filed which was finally overruled January 28, 1929, and judgment entered on the verdict. There were some omissions in the record which were corrected by entry *nunc pro tunc* which we need not set out but which resulted in the record showing the above facts. Affidavit for appeal was then filed and appeal granted to this court. Bill of exceptions, which included a transcript of the evidence, was filed in Cedar County June 3, 1929. A certified copy of the judgment and order granting the appeal were filed here July 3, 1929. A printed abstract of the record, which included the bill of exceptions and brief were filed in this court by counsel for appellant September 10, 1929. Motion to dismiss appeal was filed in this court September 21, 1929. It was after this motion to dismiss the appeal was filed that the record was corrected by entry *nunc pro tunc.* Motion to affirm the judgment on the ground that a transcript of the proceedings in the lower court including the bill of exceptions had not been filed in this court within six months after the entry of judgment was filed February 21, 1930. A full transcript certified to by the clerk of the circuit court of Cedar county was filed by this court February 28, 1930.

The statute, section 4108, Revised Statutes 1919, requires an appeal in a misdemeanor to be perfected within six months. To perfect an appeal the appellant is required to file in the proper appellate court a complete transcript of the proceedings in the lower court including the bill of exceptions. An appeal in a criminal case cannot be perfected

by the short form, that is, by filing in the appellate court a certified copy of the judgment and order granting the appeal. [State v. Conners, 258 Mo. 330, 167 S. W. 429; State v. Chilton, 199 Mo. App. 220, 200 S. W. 745.]

It is clear in this case that the appeal was not perfected within six months. The statute, section 4108, Revised Statutes 1919, provides that in such a case the prosecuting attorney may file a motion in the trial court to dismiss the appeal and set aside the order granting the appeal and unless good cause for the delay is shown by the appellant, appeal will be dismissed and the order granting the appeal will be set aside and the judgment of the trial court can then be enforced. The prosecuting attorney did not file any motion in the trial court in this case and the point is made here that not having done that, the State has waived the right to dismiss the appeal and cites State v. Carr, 216 Mo. App. 432, 270 S. W. 121, in support of that proposition. That case was overruled on that point by the Supreme Court in State v. McCowan, 14 S. W. (2d) 558, 559, where it is held that the authority given the prosecuting attorney to file a motion in the trial court is not the exclusive remedy but a motion to dismiss the appeal upon the same ground may be filed in the appellate court. It is also held that after a full transcript is filed in the appellate court, the trial court then loses jurisdiction to make any order in the case and the order of dismissal can then be made by the appellate court, alone. We take it that when the question arises in such appellate court the appellant has the same right to show to that court good reason for the delay as he would have if the question had arisen in the trial court. Appellant has been given opportunity to make such a showing here and he has filed affidavits for that purpose. Counter affidavits have been filed by counsel for the State. The appellant placed the blame on the deputy circuit clerk and the deputy seeks to excuse herself on the ground that appellant's counsel had not directed her to send up a certified transcript of the bill of exceptions. It seems to be the duty of appellant to see that the clerk does his duty and makes, certifies and transmits the transcript. State v. Kurant, 282 S. W. 737, and on a question of this kind the burden is on him to show good cause for the delay. On the proof submitted we cannot find that he has discharged that burden.

The appeal will be dismissed. *Bailey* and *Smith*, *JJ.*, concur.